A. H. GALLAGHER, Plaintiff and Respondent, v. NATIONAL NONPARTISAN LEAGUE, et al., Defendants. R. H. WALKER and Christ Levang, Defendants and Appellants.

(205 N. W. 674.)

**Appearance — judgment void for want of personal jurisdiction of defendants not made valid by general appearance of defendants on application to vacate it.**

1. A judgment void for want of personal jurisdiction of the defendants against whom it is rendered is not rendered valid by the general appearance of the defendants on an application to vacate the judgment.

**Judgment — denying application to set aside default judgment, void for want of jurisdiction over persons of defendants, held error.**

2. In the instant case it is *held*, for reasons stated in the opinion, that the judgment was void for want of jurisdiction over the persons of the defendants, and that consequently the trial court erred in denying an application to set the judgment aside.

**Judgment — judgment void for want of jurisdiction of defendants will not be dismissed if defendant tenders proposed answer and asks for leave to defend.**

3. Where a defendant applies for the vacation of a judgment, void for want of personal jurisdiction, and as a part of his application tenders a proposed answer and asks for leave to defend in the action, he will be deemed to have made a voluntary appearance therein from the time of such application and

the action will not be dismissed, but the defendant will be afforded an opportunity to serve and file his answer therein.

Opinion filed October 8, 1925.   Rehearing denied October 22, 1925.

Appearances, 4 C. J. § 69 p. 1370 n. 2, 3, 5.   Judgments, 33 C. J. § 42 p. 1080 n. 94; 34 C. J. § 493 p. 270 n. 63; § 595 p. 385 n. 1.

Appeal from the District Court of Burleigh County, *Coffey,* J.

The defendants, R. H. Walker and Christ Levang, appeal from an order denying their application to vacate a default judgment.

Reversed.

*Lemke & Weaver,* for appellant.

"Belief from a judgment which is void for want of service may be had without regard to the date of its entry and without the showing of merit and excuse required in cases where jurisdiction is attached." Skjelbred v. Southard, 108 N. W. 487.

"A court on motion may vacate a judgment founded on publication of summons, which is not supported by sufficient affidavits showing diligence to ascertain the location of the defendant and make personal service on him." 15 R. C. L. Judgments, § 153.

"Invalidity of a judgment for want of jurisdiction, either of the persons or of the subject-matter, or of the question determined and to give the particular relief granted rendering the judgment void as distinguished from merely voidable, or erroneous, is ground for vacating it at any time before or after the expiration of the term at which it is rendered without limitation of time other than such as may be expressly prescribed by statute." 34 C. J. Judgments, § 492.

"The general prevailing rule is that a judgment entered without the service of process or on the unauthorized appearance of an attorney may be set aside without regard to whether the attorney is officially responsible for his wrong or not, provided the defendant did not accept or ratify the unauthorized act of the attorney as by acquiescing in it or failing to object with full knowledge." 34 C. J. Judgments, § 494; Ricbold v. Hartsell, 23 N. D. 264.

"The power thus conferred upon the courts to relieve parties from judgments taken against them by reason of their mistake, inadvertence, surprise, or excusable neglect should be exercised by them in the most

liberal spirit in which the section was designed in furtherance of justice and in order that cases may be tried and disposed of upon their merits." Griswold Linseed Oil Co. v. Lee, 47 N. W. 955; Buckwell v. Archer, 135 N. W. 675.

*Hyland & Foster,* for respondent.

"It has been held that judgments rendered, even though rendered without actual service of process upon the defendants are often upheld when an appearance has been entered by an unauthorized attorney; as where the party fails to take prompt action to be relieved from the judgment or by act has ratified the unauthorized appearance or otherwise estopped himself from asserting the invalidity of such voidable judgment." Riebold v. Hartsell, 23 N. D. 271; Marin v. Potter, 15 N. D. 284.

"An affidavit of merits must be presented." Bismarck Grocery Co. v. Jager, 21 N. D. 547, 131 N. W. 517; Jesse French & Sons Piano Co. v. Getts, 192 N. W. 765.

"Some of the cases hold if a verified answer is on file and the case was at issue, no other affidavit of merits need be filed." Jesse French & Sons Piano Co. v. Getts, 192 N. W. 765.

CHRISTIANSON, Ch. J. This is an appeal from an order denying an application to set aside a default judgment.

The above entitled action was commenced March 15th, 1922. Nine persons were named as defendants both as individuals and in a representative capacity. The case was placed upon the calendar of the December, 1923 term of the district court of Burleigh county, and judgment by default was rendered on December 13th, 1923. In June 1925, an application was made by four of the defendants, viz.: George A. Totten, Jr., Christ Levang, R. H. Walker, and R. A. Craig, to have the judgment vacated and set aside as against them. The application was made on the ground, among others, that no service of process had been made upon the said defendants at all and that consequently the judgment rendered was void and of no effect. The trial court granted the motion as to the defendants George A. Totten, Jr., and R. A. Craig; but denied the same as to the defendants R. H. Walker and Christ Levang, and these latter two have appealed from the order denying their application.

In our opinion the order appealed from must be reversed. The rules governing both trial and appellate courts in the determination of motions of this kind are so well settled in this jurisdiction that it is unnecessary to restate them. The judgment roll in this case shows that at the time the judgment was rendered there was on file an affidavit of service showing that the summons and complaint in the action had been served upon one of the defendants named Fred Argast; but there was no proof that it had been served upon any of the other defendants named in the action. There was also on file a notice of trial and note of issue which bears an admission of service signed by one Harry Lashkowitz who is denominated "attorney for defendants." Upon the application for a vacation of the judgment there was submitted among others an affidavit of said Lashkowitz wherein he states that after the above entitled action was commenced one Liederbach, who is one of the defendants in said action, came to the office of said Lashkowitz "and asked affiant to prepare an answer for himself (Liederbach) and some of the other defendants above named, expressing himself to affiant that he felt it was his duty to protect these defendants in the above entitled action and that affiant proceeded to prepare such answers and did prepare them and had same served on the attorney for the plaintiff." Affidavits were submitted by the defendants Christ Levang; George A. Totten, Jr., and R. A. Craig, positively asserting that they had never been served summons and complaint; had never made any appearance in the action and had never authorized any attorney to appear in their behalf.

Certain rebuttal affidavits were also submitted by the plaintiff. We deem it unnecessary to review the various affidavits in detail. It is sufficient to say that we are of the opinion that when the affidavits submitted by both sides and the files and records in the case are considered and construed as a whole the result is this: there is no proof that any service of the summons and complaint was made upon either of the defendants, R. H. Walker or Christ Levang; and it is affirmatively shown that neither of these defendants ever retained, or in any manner authorized, said Harry Lashkowitz to appear as his attorney in the action. The record discloses that at the time the default judgment was rendered and entered there was no proof of any kind that service of the summons in the action had been made upon either of the said two de-

fendants.    The only basis for jurisdiction to render the judgment was the appearance of said Lashkowitz as attorney for said defendants. The affidavits submitted, however, clearly show that Lashkowitz was never retained by either of the defendants, and had no authority to appear for either of them.    The only possible support for a holding that the summons had in fact been served upon the defendant Levang is the statement in an affidavit by the plaintiff that the said Levang in a certain conversation stated to the plaintiff "that he (Levang) had been served with some papers in the action while in Fargo in the year 1922, but that he was under the impression that the action in which the papers had been served had been settled."    Opposed to this is the positive affidavit of Levang that he had "never been served with a summons and complaint in said action," and "that the first that he knew about said action was about January 1st, 1925."    There was no showing, either by the return of an officer or the positive affidavit of some individual, that summons in the action was ever served upon said Levang. And so far as Walker is concerned there is no claim that he ever admitted that papers had been served upon him, and there is no showing of any kind that any papers were in fact served upon him.    After a careful consideration of the various affidavits, and the files in the case, we have reached the conclusion that the summons in this action was never served upon either Walker or Levang, and that neither of these parties ever authorized Lashkowitz to appear as his attorney.    We are further of the opinion that the evidence in the record does not reasonably justify any other conclusion.    This being so it was error for the trial court to refuse to vacate the judgment.    It is a fundamental principle of our jurisprudence—imbedded in the fundamental laws of both state and nation—that no one shall be personally bound until he has had his day in court, that is, until he has been duly summoned to appear, and has been afforded an opportunity to be heard.    And "judgment without such citation and opportunity wants all the attributes of judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is fairly administered."    6 R. C. L. p. 447.

Nor do we believe that this void judgment became vested with life and validity because the defendants, when they sought relief against the judgment, made a general appearance.    As was well said by this

court in Yorke v. Yorke, 3 N. D. 343, 349, 55 N. W. 1095: "We can well understand that where a defendant against whom judgment has passed, but who was in no manner served with process, comes into court, and asks to have that judgment set aside by reason of such want of service, and also for other alleged irregularities connected therewith, by asking the court to investigate such other irregularities he submits himself to the jurisdiction of the court, and can no longer be heard to say that the court has no jurisdiction over his person. We can understand, also, that if, upon investigation, the court finds that such irregularities do not exist, and refuses to set aside the judgment, the defendant is forever bound by such rulings, unless reversed in a higher court. But we do not understand upon what principle it is held that the mention of such other irregularities in connection with the want of jurisdiction should forever preclude any investigations into the existence of such irregularities. A defendant who has not been served with process may have the judgment against him set aside for that cause. If plaintiff desires to proceed further he must then bring the defendant into court by proper service, and, when so in court, defendant may demur to the complaint, or defend, as he sees proper. But if, when he asks to have the judgment set aside, he goes one step further, and says to the court: 'Notwithstanding the fact that I was never served with process, yet I now aver that plaintiff states no cause of action against me in his complaint, and I ask to have the judgment set aside for that reason also,' by what legal necessity or propriety can it be said that he thereby shuts his own mouth, forecloses the question, and forever makes the complaint good, as against himself?"

In their motion to vacate, the defendants assailed the judgment on the ground, among others, that the court was wholly without jurisdiction over the persons of the defendants for the reason that no process had been served upon them, and that they had made no voluntary appearance in the action, and that consequently the default judgment was void. But the defendants did not content themselves with the assertion of these facts; they went further and as a part of their moving papers tendered answers,—answers, which in our opinion set forth good defenses to the causes of action alleged in the complaint. While the general appearance of the defendants thus made did not operate retrospectively, so as to render valid the previous judgment,—which in

legal effect was a mere nullity,—such appearance was and is operative as a general appearance in the action as of the date made, operating prospectively. Yorke v. Yorke, supra.

The order appealed from is reversed and the cause is remanded with directions that the district court set aside the judgment and permit the defendants, R. H. Walker and Christ Levang to defend in said action.

JOHNSON, BURKE, BIRDZELL, and NUESSLE, JJ., concur.