Terry BERNHARDT, Plaintiff-Appellee,

v.

Larry DITTUS, Defendant-Appellant.

Civ. No. 9424.

Supreme Court of North Dakota.

April 13, 1978.

Draeb, Draeb & Schwartz, Hebron, for defendant and appellant; argued by Ronald Schwartz, Hebron.

Reichert, Howe, Hardy, Moench, Galloway & Jorgensen, Dickinson, for plaintiff and appellee; argued by Donald L. Jorgensen, Dickinson.

PAULSON, Judge.

This is an appeal from the order of the Stark County District Court, entered on July 25, 1977, vacating and setting aside the default judgment of the Stark County Small Claims Court which had been entered on November 18, 1976, in favor of Larry Dittus and against Terry Bernhardt.

On November 4, 1976, Dittus filed a claim affidavit in the Stark County Small Claims Court to recover amounts allegedly due from Bernhardt for labor and materials provided by Dittus in the construction of a new house for Bernhardt. The small claims court issued an order for appearance setting a trial date of November 18, 1976. Dittus attempted to serve the claim affidavit and the order for appearance upon Bernhardt by means of certified mail. Bernhardt refused to accept delivery of the certified mail from Dittus because he believed that such mail contained a bill from Dittus. Consequently, Bernhardt asserts that he received no notice of the small claims action prior to the entry of the default judgment against him. The record contains no return receipt or other proof that Bernhardt received service of the claim affidavit and the order for appearance.

At the time this action was commenced, Dittus believed that Bernhardt was residing in his new house in Stark County. Accordingly, Dittus brought his action in the Stark County Small Claims Court. The evidence is undisputed, however, that at the time Dittus commenced this action Bernhardt was, in fact, residing at his former home in Dunn County.

Upon Bernhardt's failure to appear for trial on November 18, 1976, the small claims court, on that same date, entered a default judgment on behalf of Dittus and against Bernhardt in the amount of $502.65.

On December 27, 1976, Bernhardt filed with the Stark County Small Claims Court a motion to vacate the default judgment on the ground that Bernhardt was not, at the time of the judgment, a resident of Stark County, and was therefore not subject to the jurisdiction of the Stark County Small Claims Court. The motion to vacate the default judgment was denied.

On April 7, 1977, Bernhardt filed an application for a writ of certiorari in the Stark County District Court to determine whether the small claims court had acted in excess of its jurisdiction when it entered the November 18, 1976, judgment. The district court issued the writ of certiorari. A hearing was held on July 7, 1977, before the district court at which both Dittus and Bernhardt were present and represented by counsel. On July 25, 1977, the district court entered an order vacating the November 18, 1976, judgment of the small claims court. The district court based its order on the ground that the Stark County Small Claims Court had acted without jurisdiction because Bernhardt was a resident of Dunn County.

Dittus now appeals from that order of the district court and raises the following issues:

1. Whether the writ of certiorari was a proper remedy under the circumstances of this case.
2. Whether the Stark County Small Claims Court had subject matter jurisdiction over the action, even though Bernhardt was a resident of Dunn County.
3. Whether the service of process was effective for the Stark County Small Claims Court to acquire personal jurisdiction over Bernhardt.

Section 32–33–01 of the North Dakota Century Code provides the circumstances under which a writ of certiorari can be granted by the Supreme Court or the district courts of this State:

"*32–33–01. When and by whom writ of certiorari granted.*—A writ of certiorari shall be granted by the supreme court or district court when an officer, board, tribunal, or inferior court has exceeded the jurisdiction of such officer, board, tribunal, or inferior court, as the case may be, and there is no appeal, nor, in the judgment of the court, any other plain, speedy, and adequate remedy, and also when, in the judgment of the court, it is deemed necessary to prevent miscarriage of justice."

Thus, the writ of certiorari lies only to review acts in which the inferior court, officer, board, or tribunal has exceeded its jurisdiction. *Parker Hotel Company v. City of Grand Forks*, 177 N.W.2d 764 (N.D.1970); *State ex rel. Dreyer et al. v. Brekke et al.*, 75 N.D. 468, 28 N.W.2d 598 (1947). Furthermore, the writ of certiorari will not be granted where the act sought to be reviewed is appealable. *Squire v. Ward County Court*, 25 N.D. 468, 141 N.W. 1135 (1913); *State ex rel. Noggle v. Crawford*, 24 N.D. 8, 138 N.W. 2 (1912).

In the instant case, Bernhardt requested the small claims court to vacate the default judgment on the ground that it had acted in excess of its jurisdiction. The small claims court issued an order denying the motion to vacate the default judgment, and, pursuant to § 27–08.1–04, N.D.C.C., the order was not appealable. Bernhardt's only recourse was to make application to the district court for a writ of certiorari. In that application, Bernhardt asserted the following two issues upon which he alleged that the small claims court had acted in excess of its jurisdiction:

1. That the defendant, Bernhardt, was not a resident of Stark County and

therefore the Stark County Small Claims Court lacked subject matter jurisdiction under § 27–08.1–01, N.D.C.C.; and

2. That the Stark County Small Claims Court did not acquire personal jurisdiction over Bernhardt because Bernhardt was not properly served with notice of the small claims action.

Dittus asserts that in this State the writ of certiorari is properly used only for a determination of whether a lower court acted in excess of its *subject matter jurisdiction* and cannot be used for a determination of whether the lower court acted without *personal jurisdiction* over the parties. We disagree with Dittus' assertion.

■ In order to render a valid judgment or order, a court must have jurisdiction of both the subject matter and the parties. Consequently, in the absence of a right of appeal, the writ of certiorari in this State is a proper method for determining whether an inferior court acted without personal jurisdiction over the parties as well as for determining whether it acted in excess of its subject matter jurisdiction. *See, Parker Hotel, supra; Nelson v. Ecklund*, 68 N.D. 724, 283 N.W. 273 (1938). Accordingly, the district court properly issued Bernhardt a writ of certiorari to determine the jurisdictional issues Bernhardt had raised.

■ The undisputed evidence presented at the hearing before the district court established that at the time Dittus commenced his action in the Stark County Small Claims Court, Bernhardt was residing in his home in Dunn County. Although Bernhardt may have had the intent at that time to move within the near future to a new house in Stark County, the evidence clearly established that Bernhardt had not yet moved. Bernhardt was therefore a resident of Dunn County. § 54–01–26, N.D.C.C.; *Schillerstrom v. Schillerstrom*, 75 N.D. 667, 32 N.W.2d 106 (1948); *Northwestern Mortgage & Security Co. et al. v. Noel Const. Co. et al.*, 71 N.D. 256, 300 N.W. 28 (1941). Consequently, Bernhardt asserts that the Stark County Small Claims Court, pursuant to § 27–08.1–01, N.D.C.C., acted without jurisdiction. We agree.

Section 27–08.1–01, N.D.C.C., provides, in part relevant to this case, as follows:

" . . . The proceedings in this court [small claims court] shall be commenced in the county of the defendant's residence, if the defendant, is a natural person. . . . "

The case of *Johnson v. Johnson*, 86 N.W.2d 647 (N.D.1957), involved a dispute over real estate which fell within the class of actions which, pursuant to § 28–0401, N.D.R.C. (1943):

" . . . must be brought in the county in which the subject matter of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial upon agreement of counsel or in other cases provided by statute . . . ."

This court held that the requirement of that statute pertained to the subject matter jurisdiction of the court rather than the venue of the action and that a court had no jurisdiction over an action falling within the statute's terms which was brought in a county other than that prescribed by the statute.

We conclude that § 27–08.1–01, N.D.C.C., like the statute construed in *Johnson, supra*, pertains to the jurisdiction of a small claims court, rather than the venue of the action. In this regard it is significant that § 27–08.-1–01, N.D.C.C., provides that the proceedings "shall be commenced in the county of the defendant's residence", rather than providing that the proceedings "shall be tried" in the county of the defendant's residence. This choice of language by the Legislature indicates an intent to make the requirement a jurisdictional rather than a venue requirement. *See, Johnson, supra*, 86 N.W.2d at 650.

We conclude that the quoted language of § 27–08.1–01, N.D.C.C., imposes a jurisdictional requirement and that a small claims court lacks subject matter jurisdiction over an action which is commenced in a county other than that of the defendant's residence.

We hold that the Stark County Small Claims Court lacked subject matter jurisdiction over the action commenced by Dittus because Bernhardt was a resident of Dunn County at the time the action was commenced. Accordingly, we affirm the district court's order vacating and setting aside the November 18, 1976, judgment of the Stark County Small Claims Court.

Bernhardt further asserts that the Stark County Small Claims Court did not acquire personal jurisdiction over him because he was not properly served with notice of the small claims court action. This is an additional ground upon which Bernhardt contends that the district court could have vacated the judgment of the small claims court.

Section 27–08.1–02, N.D.C.C., provides the manner in which to commence and serve notice of a small claims court action:

"*Commencement of action—Claim affidavit.*—Actions in the small claims court shall be commenced whenever any person executes and files with the court a claim affidavit, and serves same on the defendant or mails to him by certified mail along with an order for appearance setting a hearing. Such hearing shall be not less than five days and not more than thirty days after the service or receipt of the order. The mailing, or personal service, may be made anywhere within the state."

Dittus attempted to serve his claim affidavit and the order for appearance upon Bernhardt by certified mail. Bernhardt testified that he refused to accept delivery of two certified letters from Dittus because he thought they were billings. The record contains no return receipt or other proof that Bernhardt received service of the claim affidavit and the order for appearance.

Section 27–08.1–02, N.D.C.C., provides that the hearing in a small claims action shall not be held less than five days after the "service or receipt of the order" by the defendant. Thus, the statute requires that the order for appearance, if sent to the defendant by certified mail, must be actually received by the defendant not less than five days prior to holding a hearing on the case. In the absence of a return receipt or other proof that the defendant has received the claim affidavit and order for appearance, there is no basis upon which the small claims court can conclude that it has acquired personal jurisdiction over the defendant. *See, Basin Electric Power Co-op v. Lang,* 221 N.W.2d 719 (N.D.1974); *Gallagher v. National Nonpartisan League,* 53 N.D. 238, 205 N.W. 674 (1925).

We conclude that in a small claims action in which the plaintiff serves the defendant by certified mail, the court does not acquire personal jurisdiction over the defendant, pursuant to § 27–08.1–02, N.D. C.C., unless and until the defendant is in actual receipt of the claim affidavit and order for appearance. A statute which sets forth requirements for making service must be strictly complied with, and a judgment based upon service where the statute has not been complied with is void. *Farrington v. Swenson,* 210 N.W.2d 82 (N.D.1973). Consequently, the Stark County Small Claims Court did not acquire personal jurisdiction over Bernhardt, and its November 18, 1976, default judgment was void. This was also a proper ground upon which the district court could have based its decision to vacate and set aside the judgment of the Stark County Small Claims Court for want of jurisdiction.

In accordance with this opinion, the order of the district court vacating and setting aside the November 18, 1976, judgment of the Stark County Small Claims Court against Bernhardt is affirmed.[1]

ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.

---

1. We note that the vacating and setting aside of the small claims court judgment by the district court was without prejudice, and does not preclude Dittus from commencing new proceedings.