Benedict KOSTELECKY, Petitioner
and Appellant,

v.

William G. ENGELTER, acting Judge of
the Stark County Court of Increased
Jurisdiction, Respondent and Appellee.

Civ. No. 9529.

Supreme Court of North Dakota.

April 24, 1979.

James D. Geyer, of Mackoff, Kellogg, Kirby & Kloster, Dickinson, for petitioner and appellant.

William G. Engelter, Mandan, acting judge of the Stark County Court of Increased Jurisdiction, pro se.

VANDE WALLE, Justice.

Appellant Benedict Kostelecky, the plaintiff in a small-claims court action in Stark County, North Dakota, appeals from a denial of a petition for a writ of certiorari from the Stark County district court to the Stark County small-claims court. We affirm.

Glenn J. Schnell brought an action in the small-claims court of Stark County against Kostelecky, a farmer, to recover damages for Kostelecky's alleged shooting of two dogs owned by Schnell. Kostelecky counterclaimed to recover damages allegedly caused to his cattle by the two dogs. William G. Engelter, sitting as the acting judge of the Stark County small-claims court, rendered judgment in favor of Schnell in the amount of $250 and in favor of Kostelecky on his counterclaim in the amount of $150. The proceedings in the small-claims court were not recorded. Kostelecky subsequently petitioned the Stark County district court for a writ of certiorari. His petition was denied.[1] Finally, he gave notice of appeal

---

1. Although they were given notice, neither Schnell nor Judge Engelter participated in the proceedings in the district court. Schnell did not participate in the proceedings in this court,

from the denial of the petition for writ of certiorari.[2]

Kostelecky argues that Judge Engelter erred in awarding damages to both Schnell and Kostelecky in the action. Kostelecky's position is that if he had the right to shoot Schnell's dogs because they were worrying and damaging his livestock—which he asserts is established because of the award to him of $150 on his $500 counterclaim—the court could not also award Schnell $250 on his claim of damages for the shooting of the dogs. Kostelecky bases his position on Sections 36–21–10 and 36–21–11, N.D.C.C.[3]

Addressing Kostelecky's arguments, the district court determined:

"1. That the Judgment rendered by the Small Claims Court in this action was absolutely in error as a matter of law;

"2. That under Section 36–21–10 and 36–21–11, NDCC, the Small Claims Court could not enter judgment in favor of the plaintiff dog owner after having found damages to defendant farmer's cattle;

"3. That there is no appeal from a Small Claims Court decision;

and Judge Engelter participated by filing a one-page brief.

**2.** Kostelecky also appealed the judgment of the small-claims court to this court, but thereafter moved that the appeal be dismissed based upon this court's holding in *Bernhardt v. Dittus*, 265 N.W.2d 684 (N.D.1978), and the appeal was dismissed. In *Bernhardt*, this court held that a writ of certiorari was the proper remedy in district court to determine whether a small-claims court had acted in excess of its subject-matter jurisdiction or without personal jurisdiction. The court also noted that an order denying a motion to vacate a default judgment in small-claims court was not appealable, pursuant to Section 27–08.1–04, N.D.C.C.

**3.** Section 36–21–10, N.D.C.C., provides:
"*36–21–10. Dogs, wolves, and coyotes worrying livestock or poultry may be killed.*—Any person may kill any dog, wolf, or coyote kept as a domestic animal:
"1. When he sees such animal in the act of killing, chasing, worrying, or damaging any livestock or poultry; or
"2. When he discovers such animal under circumstances which satisfactorily show that recently it has been engaged in killing or chasing sheep.

"4. That the Small Claims Court had jurisdiction over the parties and the subject matter of the litigation;

"5. That the Court's judgment was an error of law but that the Court did not thereby lack jurisdiction; and

"6. That a Writ of Certiorari does not lie in accordance with *State v. Brekke* [75 N.D. 468] 28 N.W.2d 598 (N.D.1947)."

Kostelecky presents three issues in his appeal to this court:

"1. Whether the District Court errored [*sic*] in denying Appellant's Petition for Writ of Certiorari.

"2. Whether the Stark County Small Claims Court had jurisdiction to enter a Judgment erroneous at law.

"3. Whether an individual possesses a remedy for an erroneous conclusion of law reached by a Small Claims Court."

Because no record was made of the proceedings in small-claims court, we apparently are asked to assume that the small-claims court's decision was in error. The pleadings in the small-claims court are not a part of the record before us, although we assume that the district court had the benefit of the

A person who kills any dog, wolf, or coyote under conditions specified in this section shall not be liable in any civil action to the owner of such animal."

Section 36–21–11, N.D.C.C., provides:
"*36–21–11. Owners of dogs liable for damages done to livestock—Procedure when damages done by pack of dogs.*—The owner of any dog which shall kill, wound, or chase any sheep or other domestic animal or poultry belonging to another person shall be liable to such other person for all damages caused thereby. If one or more of several dogs which are owned by different persons shall participate in the killing, wounding, or chasing of sheep or other domestic animals or poultry while running together, the owners of the respective dogs so running together may be sued jointly, and a joint verdict and judgment may be rendered against the owners of such dogs. If one or more of the defendants shall pay such a joint judgment, the payor or payors may have contribution from the defendants who have not paid in an appropriate action in which the respective damages committed by the several dogs running together may be prorated. No exemption shall be allowed to any person against whom a judgment is entered under the provisions of this section."

pleadings when it denied the petition for issuance of a writ of certiorari to the small-claims court. The only facts of which we are apprised must be gleaned from the brief, which is a part of the record before us, filed with the district court in support of the petition for a writ of certiorari. In view of this scant record, it would be difficult, indeed, to determine whether, based on the facts, which are not before us, the small-claims court was in error. That is not an issue before us, however, because we are asked to review only the district court's order, which, while holding that the small-claims court was in error, nevertheless denied the petition for a writ of certiorari on the basis that the small-claims court had jurisdiction and its decision was not appealable.[4]

■ We agree with Kostelecky that a district court should grant a writ of certiorari when an inferior court has exceeded its jurisdiction and there is no appeal nor any other plain, speedy, and adequate remedy. Sec. 32–33–01, N.D.C.C; Bernhardt v. Dittus, supra. Thus, even if we assume that the decision of the small-claims court was erroneous, the only issue is: Did the small-claims court lack jurisdiction because it entered a judgment based upon an erroneous conclusion of law?

In Bernhardt, supra, 265 N.W.2d at 686, this court stated:

"In order to render a valid judgment or order, a court must have jurisdiction of both the subject matter and the parties. Consequently, in the absence of a right of appeal, the writ of certiorari in this State is a proper method for determining whether an inferior court acted without personal jurisdiction over the parties as well as for determining whether it acted in excess of its subject matter jurisdiction."

■ Kostelecky does not argue that the small-claims court did not have jurisdiction of the subject matter or the parties. He would add, however, another reason for issuance of a writ of certiorari, i. e., that if the lower court makes an erroneous conclusion of law, a writ should issue. We do not agree that this is the law in North Dakota. The district court relied on State ex rel. Dreyer v. Brekke, 75 N.D. 468, 28 N.W.2d 598 (N.D.1947), for its conclusion that the error of law by the small-claims court did not result in a lack of jurisdiction of the small-claims court. In Brekke, this court concluded that the term "jurisdiction," as used in the predecessor to Section 32–33–01, N.D.C.C, "may be defined as the power and authority to act with respect to any particular subject matter." 75 N.D. at 472, 28 N.W.2d at 600. In support of that conclusion the court cited with approval the following from Baker v. Lenhart, 50 N.D. 30, 35, 195 N.W. 16, 17 (1923):

"Jurisdiction relates to the power of the tribunal, and not to the rights of the parties, Dahlgren v. Superior Court, 8 Cal.App. 622, 97 P. 681.

" 'The test of the jurisdiction of a court is whether or not it had power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong.' Board of Com'rs of Lake County v. Platt, 79 F. 567, 25 C.C.A. 87.

" 'Excess of jurisdiction is to be distinguished from errors of law or of fact committed by the inferior tribunal within the limits of its jurisdiction. Such an error does not constitute an excess of jurisdiction. If a court acts in the exercise of its lawful jurisdiction, and not in excess of such jurisdiction, the mere fact that its conclusion is wrong does not make its action an excess of jurisdiction.' 4 California Juris. pp. 1036, 1037."

Kostelecky argues that the decision in Brekke has been superseded by this court's decision in Waltman v. Austin, 142 N.W.2d 517 (N.D.1966). In Waltman, this court concluded that a lower court exceeded its jurisdiction when it imposed any part of a criminal sentence in excess of the statutory maximum. Kostelecky urges us to adopt

---

4. In his brief to this court, Kostelecky noted that the most recent decision construing Sections 36–21–10 and 36–21–11, N.D.C.C., was Smith v. Riedinger, 95 N.W.2d 65 (N.D.1959).

Since that brief was filed, this court has issued its opinion in Trautman v. Day, 273 N.W.2d 712 (N.D.1979), which also concerns the interpretation of these sections.

the same rule for civil cases in which the trial court disregards or misconstrues a statute. A reading of *Waltman*, however, does not support Kostelecky's argument. *Waltman* was expressly limited to those situations in which a lower court imposed a criminal sentence in excess of that authorized by statute:

> "We want to emphasize that this is a criminal case and that this particular defendant received an excessive sentence under a specific statute. We have found many civil cases involving certiorari in the state, but these are not directly applicable. The case of *Green v. Whipple* (N.D.), 89 N.W.2d 881, does deal with a criminal matter, but is not pertinent or in point.
>
> "A clear distinction must be drawn between a criminal and a civil action in connection with this writ. In a criminal case, a citizen is being deprived of his personal liberty. In a civil case, we are dealing merely with property rights and there are other remedies. Clearly, this petitioner has no speedy and adequate remedy at law, by appeal or otherwise. He pled guilty to the offense and was given an excessive sentence."[5] 142 N.W.2d at 522.

The position of this court with regard to jurisdiction in civil matters has been reaffirmed in *Lang v. Basin Electric Power Cooperative*, 274 N.W.2d 253, 257 (N.D. 1979), in which we quoted with approval the following statement from *Schillerstrom v. Schillerstrom*, 75 N.D. 667, 698–699, 32 N.W.2d 106, 122 (1948):

> "What is 'jurisdiction' in the strict sense of that term? By jurisdiction is meant authority which a court has to decide matters that are litigated before it or to take cognizance of matters presented in a formal way for its decision. *Jurisdiction is the power to hear and determine a cause of action. It does not depend upon the correctness of the decision made. A court which has jurisdiction over a cause, and the parties thereto, does not lose jurisdiction because it makes a*

*mistake in determining either the facts or law or both.* [Citations omitted.] Jurisdiction relates to the power of the tribunal, and not the rights of the parties. The test of the jurisdiction of a court is whether or not it had power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong. If a court acts in the exercise of its lawful jurisdiction, and not in excess of such jurisdiction, the mere fact that its conclusion is wrong does not make its action an excess of jurisdiction. [Citations omitted.] To obtain jurisdiction of a cause, three things are essential: (a) Jurisdiction of the subject matter; (b) jurisdiction of the person; and (c) the power and authority to render the particular judgment." [Emphasis added.]

Thus *Waltman* does not sustain Kostelecky's position that a court in a civil action exceeds its jurisdiction if it erroneously construes a statute, and we decline to so expand the holding in *Waltman*.

█ Kostelecky correctly points out that he is not permitted to appeal the decision of the small-claims court decision. Section 27–08.1–04, N.D.C.C., as amended in 1975, provides, in part:

> ". . . By election to proceed in small claims court, the plaintiff waives his right to appeal to any other court from the decision of the small claims court. The defendant waives his right to appeal from the decision of the small claims court upon receiving his order for appearance as required herein, unless he elects to remove the action from the small claims court to a court which would have jurisdiction over said matter in the absence of the small claims court by filing with the small claims court and serving upon the plaintiff a notice of such removal, and filing with the clerk of the court to which said action is removed a copy of the claim affidavit and the defendant's answer thereto along with the filing fee required for civil actions in said court, not later

---

**5.** Even with this limited application to criminal cases in which a defendant received a sentence in excess of that authorized by specific statute,

two of the five justices of this court dissented, concluding that certiorari was not the proper remedy.

than forty-eight hours before the hearing set for the appearance of the defendant."

■ Kostelecky, the defendant in small-claims court, had a right to remove the case to the Stark County court of increased jurisdiction under the provisions of Section 27–08.1–04, N.D.C.C. Had he done so, the result there may very well have been identical, in that the same judge might have been sitting as the acting judge of the Stark County court of increased jurisdiction and might have reached the same decision. Kostelecky, however, would have been entitled to appeal that decision. Sec. 27–08–24 and Chap. 28–27, N.D.C.C. Having failed to remove the proceeding from small-claims court, Kostelecky cannot now argue that we must broaden the scope of the writ of certiorari to permit him to secure a review of the small-claims court decision.[6] While we trust that the decisions reached in small-claims courts are, for the most part, legally and factually correct, Section 27–08.1–04, N.D.C.C., does not guarantee that result should a defendant decide not to exercise his right to remove the case to another court whose decision is subject to appeal.

By holding the writ of certiorari inapplicable to this case, we do not necessarily foreclose the possibility of the exercise of the superintending powers of this court over lower courts, including the small-claims courts, under the proper circumstances.[7]

---

**6.** The paradox in this situation is that if the small-claims court had completely disallowed Kostelecky's counterclaim and awarded Schnell all the damages that he had requested, Kostelecky would have been without grounds to pursue a petition for a writ of certiorari.

**7.** In *Weichel v. Hansen*, 219 N.W.2d 118 (N.D. 1974), this court denied a petition for the exercise of its superintending power over the clerk of a district court for refusal to file a notice of appeal to the Supreme Court. We said that the superintending control enabled this court, in a proper case, to control the course of ordinary litigation in inferior courts so as to prevent injustice in cases where there is no appeal or the remedy by appeal is inadequate. We concluded that the applicant had an adequate remedy by writ of mandamus. In the sequel to

The order of the district court denying the petition for a writ of certiorari is affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.

*Weichel, Hansen v. Dennis,* 232 N.W.2d 49 (N.D.1975), this court, on appeal from the district court's denial of the application for a writ of mandamus, affirmed the district court, holding that there was no appeal from a district court's order affirming a decision of the small-claims court. At that time, Sections 27–08.1–05 and 27–08.1–06, N.D.C.C., permitted an appeal from the small-claims court to the district court but permitted no appeal from the decision of the district court to the Supreme Court. Those statutes were amended in 1975 to delete the provisions for appeal from the small-claims court to the district court. S.L.1975, Ch. 275, Secs. 4 and 5. In *Hansen v. Dennis, supra,* this court determined that the issue of the constitutionality of the statute limiting appeal was not properly before us. Kostelecky has made no constitutional argument in this case.