466 N.W.2d 114 (1991)
Walter and Sylvia WHITAKER, Plaintiffs and Appellants,
v.
CENTURY 21 and Robert Goodwin, Defendants and Appellees.
Civ. No. 900325.
Supreme Court of North Dakota.
February 21, 1991.
Richard R. LeMay, Minot, for plaintiffs and appellants.
Carol K. Larson, of Pringle & Herigstad, P.C., Minot, for defendants and appellees.
VANDE WALLE, Justice.
Walter and Sylvia Whitaker appealed from a judgment of the Small Claims Court of Ward County. We dismiss the appeal.
The Whitakers brought an action in small claims court against Century 21 and Robert Goodwin [hereinafter collectively "Century 21"]. Century 21 attempted to remove the action to county court but failed to complete all steps necessary for removal. Believing that the action had been removed, Century 21 did not appear at the hearing in small claims court. Without notice to Century 21, the small claims court determined that the action had not been properly removed and entered a default judgment in the Whitakers' favor for $1,217.79.
Century 21 moved to vacate the default judgment. The Whitakers resisted the motion, asserting that the small claims court did not have the authority to vacate its judgment. The small claims court vacated the default judgment, and a second hearing was scheduled before a different judge.
The Whitakers obtained a continuance to seek a supervisory writ from this court. We denied the Whitakers' petition for a supervisory writ on May 16, 1990.
The second hearing in small claims court was held on June 19, 1990. Judgment in favor of the Whitakers was entered in the amount of $343.88. The Whitakers have filed a notice of appeal from the judgment.
While the appeal was pending the Whitakers filed an application for a writ of certiorari with this court, asserting that the small claims court had acted beyond the scope of its authority when it vacated the original judgment. We denied the application for the writ of certiorari on October 24, 1990. The Whitakers have proceeded with the appeal, contending that the court was without authority to vacate its original judgment.
The right to appeal in this state is purely statutory. E.g., Vanderhoof v. Gravel Products, Inc., 404 N.W.2d 485 (N.D.1987). The statutory framework for the small claims court specifically precludes any appeal. Section 27-08.1-05, N.D.C.C.; Kostelecky v. Engelter, 278 N.W.2d 776 (N.D.1979). Pursuant to Section 27-08.1-05, N.D.C.C., the Whitakers irrevocably waived their right to appeal to any other court from the decision of the small claims court. In an appropriate case, which, because of the circumstances, we *115 did not consider this to be, allegations that the small claims court has acted beyond the scope of its jurisdiction may be raised upon application for a writ of certiorari or a supervisory writ, but not upon appeal. See Kostelecky v. Engelter, supra; Bernhardt v. Dittus, 265 N.W.2d 684 (N.D.1978).
Century 21 asserts that the appeal is frivolous and requests actual costs and attorney's fees pursuant to Rule 38, N.D.R. App.P. We deny the request.
The appeal is dismissed.
ERICKSTAD, C.J., LEVINE and GIERKE, JJ., and VERNON R. PEDERSON, Surrogate Justice, concur.
VERNON R. PEDERSON, Surrogate Justice, sitting in place of MESCHKE, J., disqualified.