Glenn SVANES, Petitioner and Appellant,

v.

Donavin L. GRENZ, Judge of the Small Claims Court, Emmons County, North Dakota, Respondent and Appellee.

Civ. No. 920044.

Supreme Court of North Dakota.

Nov. 24, 1992.

Daniel J. Chapman (argued), of Chapman & Chapman, Bismarck, for petitioner and appellant.

Donavin L. Grenz, pro se. Submitted on brief.

MESCHKE, Justice.

Glenn Svanes appeals from a district court order denying his petition for a writ of certiorari to vacate a small claims judgment. We affirm.

Harley J. Anderson sued Svanes in small claims court, claiming

TOTAL AMOUNT CLAIMED $1,769.80 PLUS COURT COSTS.

Defendant is holding my personal property on his farm without any reason. He was informed by proper authorities of items to be released. Most of these items are contractor equipment which he has used for several years—I did get some items so they are listed on attached paper, also items missing are listed with proper replacement costs. The mini Bike has several parts missing, and he must replace original wheel, in good condition, back on wheelbarrow. He warned me to keep off his farm, so let the court decide on this place of delivery.

The small claims court ordered Svanes to appear and answer Anderson's claim affidavit on May 15, 1991.

Anderson presented evidence on that date; however, neither Svanes nor his attorney appeared. Thereafter, Svanes, through his attorney, filed an answer and a notice of removal of the action to county court. Svanes also moved to reopen the small claims action, alleging neglect and inadvertence. The small claims court denied Svanes's motion to remove on the ground that it was not timely. The court took Svanes's motion to reopen under advisement, allowed Anderson to respond to the motion, and urged the parties to settle.

Anderson responded:

Judge Grenz has all the information about prices for replacement of listed items.

As I told Judge Grenz, I want all my items back in "A–1" condition rather than the money, but if not, he may replace each item listed in excellent condition used or I will not accept them....

Mr. Svanes shall deliver all listed items to Jamestown, ND to a prearranged place, namely the Sheriff's Department, or a second party for verification or as approved by Judge Grenz.

The small claims court thereafter denied Svanes's motion to reopen and entered judgment for Anderson for $1,788.82.

Svanes, through new counsel, moved for relief from the judgment pursuant to NDRCivP 60, alleging neglect by his previous attorney. The small claims court concluded that Svanes failed to show excusable neglect and denied his motion for relief from the judgment.

Svanes then petitioned the district court for a writ of certiorari, asserting that the small claims court did not have jurisdiction over Anderson's action for return of his personal property, and that the small claims court erred in denying the Rule 60 motion. The district court concluded that the small claims court had jurisdiction to enter this money judgment. The district court also concluded that it did not have jurisdiction to order the small claims court to reopen the case and denied Svanes's petition for a writ of certiorari. Svanes appealed.

NDCC 32–33–01 authorizes a writ of certiorari when an inferior court has exceeded its jurisdiction and there is no appeal, nor any other plain, speedy, and adequate remedy. Because no appeal is authorized from a small claims judgment [NDCC 27–08.1–04; *Whitaker v. Century 21*, 466 N.W.2d 114 (N.D.1991) ], a writ of certiorari is appropriate to determine if a small claims court has subject matter and personal jurisdiction. *Kostelecky v. Engelter*, 278 N.W.2d 776 (N.D.1979); *Bernhardt v. Dittus*, 265 N.W.2d 684 (N.D.1978). However, if a small claims court has subject matter and personal jurisdiction, a writ of certiorari may not be used to review an alleged erroneous decision by a small claims court. *Kostelecky*. We thus examine the jurisdiction of this small claims court.

■ Svanes, an Emmons County resident, does not dispute that the Emmons County small claims court had personal jurisdiction over him. NDCC 27–08.1–01(1) establishes the subject matter jurisdiction for a small claims court and, at the time this action was commenced,[1] declared:

> The jurisdiction of ... [the small claims] court is confined to cases for recovery of money, or the cancellation of any agreement involving material fraud, deception, misrepresentation, or false promise, where the value of the agreement or the amount claimed by the plaintiff or the defendant does not exceed two thousand dollars.

The parties agree that, under that provision, a small claims court does not have jurisdiction to order the return of personal property. Svanes argues that the inclusion of a monetary claim in the prayer for relief does not confer jurisdiction on the small claims court, because the prayer for relief is not part of the cause of action and does not change Anderson's claim for the return of personal property to a claim for recovery of money.

The Small Claims Act, NDCC Ch. 27–08.1, establishes an informal forum for resolving minor disputes and is intended to keep small claims proceedings simple. *Raaum v. Powers*, 396 N.W.2d 306 (N.D. 1986). The Small Claims Act eliminates several legal formalities that encumber the usual lawsuit. *Id.* For example, in order to commence a small claims action, a plaintiff need only file a claim affidavit with the small claims court and mail or personally serve the defendant with the affidavit and a notice of hearing. NDCC 27–08.1–02. Neither formal pleadings, nor an attorney, are required. NDCC 27–08.1–03. The court conducts an informal hearing and may make its own inquiry before, during, or after the hearing. NDCC 27–08.1–03. These informalities illustrate that small claims proceedings are designed for laypersons to resolve minor disputes. Consistent with these informalities, the relief sought by a layperson must be liberally construed to effectuate the purpose of the Small Claims Act.

Here, the court informed Anderson that it could not order return of the property, but could award a money judgment as compensation for the property. Although Anderson's claim affidavit and his response to Svanes's motion to reopen indicate that Anderson primarily sought return of the property, the alternative thrust of his claim was for the recovery of money. Even in formal lawsuits, pleading alternatively is permitted. NDRCivP 8(e)(2). Anderson's claim affidavit and attachments described the value of each item of property and sought a "total amount claimed" of $1,769.80. Anderson's claim affidavit was sufficient to recover a money judgment.

■ Svanes also argues that, even if Anderson's action was not for claim and delivery, the small claims court did not have jurisdiction to award damages for conversion because NDCC 27–08.1–01(1) authorizes actions for "recovery of money," and damages are not synonymous with money. Svanes essentially asserts that a small claims court has jurisdiction to hear contractual claims but not tort claims. We disagree.

On August 8, 1974, the Attorney General issued an opinion that relied upon NDCC 32–03–01 and 32–03–20[2] and said that "North Dakota law conclusively establishes that actions in tort are predicated upon the *recovery of money as damages* for any detriment incurred." (Emphasis added). The Attorney General reasoned:

> NDCC 32–03–20 directs:
> *Measure of damages for tort.*—For the breach of an obligation not arising from contract, the measure of damages, except when otherwise expressly provided by law, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not.

---

1. The 1991 Legislature increased the jurisdictional limit to $3,000. 1991 N.D.Sess.Laws ch. 331.

2. NDCC 32–03–01 directs:
*Damages for any injury.*—Every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages.

The obvious purpose of the Small Claims Court Act is to provide a forum whereby the parties can litigate their rights in an inexpensive and uncomplicated manner, provided that the claim does not exceed the specified amount. It is apparent that the legislature has not distinguished claims in tort from claims based upon obligations in contract since the statute generally refers to "cases for recovery of money". As is stated in 20 AmJur2d, [*Courts*] Section 31, the jurisdiction of small claims courts generally extend to tort claims as well as contractual claims. The Attorney General's opinion concluded that a small claims court has jurisdiction over tort claims within its monetary limits.

Although opinions of the Attorney General are not binding on this court, they are entitled to respect, and we follow them if they are persuasive. *Holmgren v. N.D. Workers Compensation Bureau*, 455 N.W.2d 200 (N.D.1990). This Attorney General's opinion is persuasive. Under North Dakota law, the "recovery of money" for torts is called damages and may be recovered in small claims courts. *See Kostelecky* [small claims court action for damages for shooting dogs and counterclaim for damages caused to cattle by dogs]. We conclude that a small claims court has jurisdiction over a tort claim that does not exceed the statutory maximum.

Svanes also argues that the small claims court erroneously denied his motion under NDRCivP 60 to vacate the judgment. A writ of certiorari may not be used to assert that a small claims court made an erroneous decision. *Kostelecky.* Svanes's argument may not be considered in a certiorari proceeding.

Svanes alternatively requests that we exercise our supervisory jurisdiction and direct the small claims court to vacate the judgment. The small claims court previously denied Svanes's motion for relief from the judgment. Decisions denying motions for relief from a judgment are subject to the abuse of discretion standard. *CUNA Mortgage v. Aafedt*, 459 N.W.2d 801 (N.D.1990). Svanes has not presented any compelling reasons for us to exercise

our supervisory jurisdiction and to direct the small claims court to vacate the judgment. *Compare Thompson v. Goetz*, 455 N.W.2d 580 (N.D.1990) *with Gissel v. Kenmare Township*, 463 N.W.2d 668 (N.D. 1990). We decline supervisory jurisdiction.

The judge of the small claims court requests "reasonable attorney fees, payable to Emmons, Kidder, Logan and McIntosh Counties who pay the salary of the undersigned [judge]." We decline to award attorney's fees in this case.

We affirm the district court order.

ERICKSTAD, C.J., and LEVINE, VANDE WALLE and JOHNSON, JJ., concur.