2002 ND 71

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Lora Lou NORBY, Defendant and Appellant.**

No. 20010144.

Supreme Court of North Dakota.

April 19, 2002.

Allen M. Koppy, State's Attorney, Mandan, for plaintiff and appellee.

Michael R. Hoffman, Bismarck, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1]   Lora Lou Norby appeals from her convictions for reckless endangerment, a class C felony, and driving under the influence ("DUI") causing serious bodily injury, a class A misdemeanor.   We affirm, concluding Norby did not properly preserve her argument for appeal.

## I

[¶ 2] Norby was the driver in a traffic accident injuring a pedestrian. She was charged with one count of reckless endangerment and one count of DUI causing serious bodily injury. The criminal complaint charged:

COUNT I: On or before the 30th day of January, 2000, in the city of Mandan, Morton County, North Dakota, the above-named Defendant committed the offense of RECKLESS ENDANGERMENT in violation of Section 12.1–17–03 of the North Dakota Century Code by then and there: Creates a substantial risk of serious bodily injury or death to another and the circumstances manifest an extreme indifference to the value of human life; to-wit: At said time and place the above-named defendant drove a motor vehicle in a manner that showed extreme indifference to the value of human life, specifically driving a motor vehicle with excess speed off the road, striking a pedestrian, ... causing serious bodily injury. Penalty Section: 12.1–17–03 N.D.C.C.

COUNT II: On or about the 30th day of January, 2000, in the city of Mandan, Morton County, North Dakota, the above-named Defendant committed the offense of DRIVING A MOTOR VEHICLE UNDER THE INFLUENCE OF INTOXICATING LIQUOR OR DRUGS in violation of Section 39–08–01 of the North Dakota Century Code by then and there: Driving a vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state while said defendant was under the influence of intoxicating liquor and/or with an alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of the chemical test within two hours after driving and said defendant caused serious bodily injury to another.... Penalty Section: 39–08–01.2 N.D.C.C.

Norby was found guilty of both counts after a jury trial. On appeal, she argues the legislature did not intend for a person to be prosecuted simultaneously for both reckless endangerment and DUI causing serious bodily injury.

[¶ 3] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06(1). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 29–28–06.

## II

■ [¶ 4] Generally, an issue must be raised in the trial court before it will be considered on appeal. *Morstad v. State*, 518 N.W.2d 191, 194 (N.D.1994). Rule 12(b), N.D.R.Crim.P., provides:

Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following must be raised prior to trial:

(1) Defenses and objections based on defects in the institution of the prosecution;

(2) Defenses and objections based on defects in the indictment, information, or complaint other than that it fails to show jurisdiction in the court or to charge an offense, which objections must be noticed by the court at any time during the pendency of the proceeding;

Rule 12(b), N.D.R.Crim.P., requires a defendant to raise certain objections or defenses prior to trial. A failure to raise these objections or defenses constitutes a waiver. *Id.* "A motion under [Federal] Rule 12 is the proper method to raise such matters as ... the sufficiency of the indict-

ment or information." 1A Charles Alan Wright, *Federal Practice & Procedure: Criminal,* § 191 (3d ed.1999). Rule 12, N.D.R.Crim.P., is patterned after the federal rule, and decisions of federal courts are persuasive when applying our rule. *State v. O'Rourke,* 544 N.W.2d 384, 385 (N.D.1996).

[¶ 5] Norby contends her argument on appeal is properly before this Court because it was either not "capable of determination without the trial of the general issue" or it falls under the exception in Rule 12(b)(2). The State argues Norby waived her argument by failing to raise the issue in the district court proceedings.

### A

[¶ 6] "A defense is 'capable of determination' under Rule 12(b) 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.'" *State v. O'Boyle,* 356 N.W.2d 122, 124 (N.D.1984) (quoting *United States v. Covington,* 395 U.S. 57, 60, 89 S.Ct. 1559, 1561, 23 L.Ed.2d 94 (1969)).

[¶ 7] Norby defines her argument as an issue of legislative intent. She relies on legislative history and statutory construction for her proposition that the legislature did not intend a defendant to be prosecuted simultaneously for reckless endangerment and DUI causing serious bodily injury. She argues the State had to choose between the two offenses; it could not charge both.

[¶ 8] A trial of the facts surrounding the offense was not needed to assist the district court in deciding the issue of legislative intent. Norby's legislative intent argument existed from the time the criminal complaint was filed, yet she never presented her argument to the district court.[1] The argument was "capable of determination" without trial and should have been presented to the district court. *See* N.D.R.Crim.P. 12(b). Norby's failure to present her argument to the district court waived the argument.

### B

[¶ 9] Norby also contends her issue on appeal falls under the exception in Rule 12(b)(2) that a defect in the criminal complaint may be brought to the Court's attention at any time if the complaint "fail[ed] to show jurisdiction in the court or to charge an offense." Norby relies on *State v. Erban* for the proposition that a "failure to charge an offense '[must] be noticed by the court at any time during the pendency of the proceeding.'" 429 N.W.2d 408, 410 (N.D.1988) (quoting N.D.R.Crim.P. 12(b)(2)). Norby has failed to show either a lack of the district court's

---

1. Norby expressed the possibility of a double jeopardy violation when discussing the proposed jury instructions with the district court. She insisted upon a particular wording to avoid the "danger of a double jeopardy violation." At oral argument, Norby conceded she received the requested jury instruction to avoid the issue of double jeopardy, and the trial proceeded. Norby also objected to an ambiguous statement regarding "physical condition" during the State's closing argument, on the ground it would violate double jeopardy to "take the DUI and apply it to the reckless endangerment." The objection was noted by the district court. Norby did not take any further action during the district court proceedings, nor did she base her appeal on erroneous jury instructions or improper closing arguments.

Norby never contended the district court proceedings violated double jeopardy. Even if Norby's argument on appeal were viewed as a double jeopardy challenge, she has failed to preserve it, because Rule 12(b) requires double jeopardy arguments to be presented to the district court. N.D.R.Crim.P. 12(b); *State v. O'Rourke,* 544 N.W.2d 384, 385 (N.D.1996).

jurisdiction or a failure to charge an offense.

### 1

[¶ 10]   The jurisdiction of district courts is defined by both constitutional and statutory provisions.   N.D. Const. art. VI, § 8; N.D.C.C. § 27–05–06(1).   Article VI, section 8, of the North Dakota Constitution provides:

> The district court shall have original jurisdiction of all causes, except as otherwise provided by law, and such appellate jurisdiction as may be provided by law or by rule of the supreme court. The district court shall have authority to issue such writs as are necessary to the proper exercise of its jurisdiction.

Section 27–05–06 provides, in part:

> The district courts of this state have the general jurisdiction conferred upon them by the constitution, and in the exercise of such jurisdiction they have power to issue all writs, process, and commissions provided therein or by law or which may be necessary for the due execution of the powers with which they are vested.   Such courts have:
>
> 1.   Common-law jurisdiction and authority within their respective judicial districts for the redress of all wrongs committed against the laws of this state affecting persons or property.

There is no question the district court properly exercised its jurisdiction over an alleged criminal offense committed within its judicial district.   Norby has failed to show the district court lacked jurisdiction.

### 2

[¶ 11]   The criminal complaint alleged two offenses: (1) reckless endangerment in violation of N.D.C.C. § 12.1–17–03 and (2) driving a motor vehicle while under the influence of intoxicating liquor causing ser-ious bodily harm in violation of N.D.C.C. §§ 39–08–01 and 39–08–01.2.   In support of count one, the State alleged Norby "drove a motor vehicle in a manner that showed extreme indifference to the value of human life, specifically driving a motor vehicle with excess speed off the road, striking a pedestrian, . . . causing serious bodily injury."   In support of count two, the State alleged Norby drove while "under the influence of intoxicating liquor and/or with an alcohol concentration" over the legal limit and "caused serious bodily injury to another."

[¶ 12]   In *State v. Erban,* 429 N.W.2d 408, 410 (N.D.1988), the State alleged Erban attempted to manufacture a controlled substance.   On appeal, Erban argued the substance in question was not a controlled substance.   *Id.* Erban was allowed to present his argument because, had he been correct, the actions alleged by the State would not have been criminal.   *Id.*

[¶ 13]   The essence of Norby's argument is not that the State failed to charge her with an offense, but that the State charged her with two offenses.   She does not argue her alleged actions failed to constitute the offenses charged.   Rather, she argues the two offenses should not be charged simultaneously.   Norby has not shown the State failed to charge an offense.

[¶ 14]   Norby has not shown the district court lacked jurisdiction or the State failed to charge an offense.   Norby's failure to preserve her argument for appeal cannot be remedied by the exception in N.D.R.Crim.P. 12(b)(2).

### III

[¶ 15]   Norby's argument was not properly preserved for appeal, and her convic-

tions for reckless endangerment and DUI causing serious bodily harm are affirmed.

[¶ 16] GERALD W. VANDE WALLE, C.J., WILLIAM F. HODNY, Surrogate Judge, WILLIAM A. NEUMANN, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 17] WILLIAM F. HODNY, Surrogate Judge, sitting in place of MARING, J., disqualified.