2008 ND 186

**STATE of North Dakota, Plaintiff and Appellee**

v.

**John Douglas WETZEL, Defendant and Appellant.**

No. 20080042.

Supreme Court of North Dakota.

Oct. 22, 2008.

Julie Ann Lawyer (on brief), Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Chad R. McCabe, McCabe Law Firm, Bismarck, N.D., for defendant and appellant.

MARING, Justice.

[¶1] John Douglas Wetzel appeals from an order deferring the imposition of his sentence, entered after the district court denied his motion to dismiss criminal charges against him for terrorizing, aggravated assault, reckless endangerment, and criminal mischief, and he conditionally pled guilty to the charges under N.D.R.Crim.P. 11(a)(2). Wetzel argues the Burleigh County State's Attorney does not have jurisdiction to prosecute criminal charges for offenses alleged to have been committed on the channel of the Missouri River. We hold the Burleigh County State's Attorney has authority to prosecute the criminal charges that Wetzel pled guilty to in this case, and we affirm.

I

[¶2] The Burleigh County State's Attorney charged Wetzel with two counts of terrorizing, one count of aggravated assault, one count of reckless endangerment, and one count of criminal mischief for incidents allegedly involving Wetzel's operation of a jet ski, which the parties stipulated occurred "[i]n the Missouri River off the Desert sandbar . . . on the east side of the main channel" of the river near Kimball Bottoms. Wetzel moved to dismiss the charges, claiming the Burleigh County State's Attorney did not have jurisdiction to charge him with alleged offenses that occurred on the channel of the Missouri River. The district court denied Wetzel's motion to dismiss, and he entered conditional guilty pleas to the charges under N.D.R.Crim.P. 11(a)(2), reserving his right to appeal the denial of his motion to dismiss. Wetzel appealed from an order deferring the imposition of his sentence. See State v. Van Beek, 1999 ND 53, ¶¶ 8–10, 591 N.W.2d 112 (order deferring imposition of sentence complies with require-

ments of N.D.R.Crim.P. 32(b) for criminal judgment for purposes of appeal).

II

[¶3] Wetzel concedes federal and state authorities have concurrent criminal jurisdiction on the Missouri River. He claims, however, the State has not exercised its available criminal jurisdiction on the Missouri River. He argues the State, through the Burleigh County State's Attorney, does not have jurisdiction to charge offenses alleged to have occurred on the channel of the Missouri River, because the boundaries between Burleigh and Morton Counties lie "along the main channel" of the Missouri River under the descriptions for Burleigh and Morton Counties in N.D.C.C. §§ 11–01–09 and 11–01–31. He asserts "along the main channel" does not mean in the middle or center of the channel; rather, he claims the ordinary meaning of "along" means "by the side of." He asserts because the county boundaries do not encompass the Missouri River, the State has not exercised its available criminal jurisdiction for crimes alleged to have been committed on the channel of the Missouri River. He also claims the rule of lenity requires any ambiguity to be resolved in his favor.

[¶4] The interpretation of a statute is a question of law. *Baukol Builders, Inc. v. County of Grand Forks*, 2008 ND 116, ¶ 22, 751 N.W.2d 191. This Court's primary objective in interpreting a statute is to ascertain legislative intent. *Id.* Words of a statute are given their plain, ordinary, and commonly understood meaning unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–07. If the language of a statute is clear and unambiguous, "the letter of [the statute] is not to

be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1–02–05. If the language of a statute is ambiguous, however, a court may resort to extrinsic aids to interpret the statute. N.D.C.C. § 1–02–39. Statutes must be construed to avoid absurd and ludicrous results. *County of Stutsman v. State Historical Soc'y*, 371 N.W.2d 321, 325 (N.D.1985).

[¶ 5] Under N.D.C.C. § 11–16–01(1), state's attorney's duties include the prosecution of public offenses, and the criminal information filed by the Burleigh County State's Attorney in this case alleged the crimes were committed in Burleigh County. Under N.D.C.C. § 29–03–05, "[w]hen a public offense is committed on the boundary of two or more counties, or within five hundred yards thereof, the jurisdiction is in either county." District courts have jurisdiction over criminal cases within their respective judicial districts, N.D.C.C. § 27–05–06(1), and trials of criminal actions in district court may be held in an organized county. N.D.C.C. § 29–01–10. *See* N.D.C.C. § 29–01–13(9) (defining county as organized county and territory that may be attached to organized county for judicial purposes). North Dakota law now recognizes that all areas in the state are part of a county. *See* 1995 N.D. Sess. Laws ch. 54, § 44 (repealing N.D.C.C. ch. 11–02 for organizing territory into county and stating in 1995 Report of North Dakota Legislative Council, p. 185, that N.D.C.C. ch. 11–02 was obsolete because all areas of North Dakota are part of a county). Under those authorities, the issue in this case involves whether the alleged offenses occurred within Burleigh County, or within five hundred yards of the boundary of Burleigh County.

[¶ 6] Section 11–01–09, N.D.C.C., provides, in part, that the boundary for Burleigh County is "along the main channel of the Missouri River," and N.D.C.C. § 11–01–31 provides, in part, that the boundary for Morton County is "along the main channel of the Missouri River." One source defines "along" as "at a point or points on." *Merriam–Webster's Collegiate Dictionary* 34 (11th ed.2005). Another source defines "along" as "in a line parallel with the length or direction of ... or on a line through the center or central axis of" and provides an example that a "boundary runs along the road." *Webster's Third New International Dictionary* 60 (1971). Yet another source defines "along" to mean "through, on, beside, over, or parallel to the length or direction of; from one end to the other of." <http://dictionary.reference.com/browse/along>

[¶ 7] In *Higgins v. Hawks*, 126 N.W.2d 791, 794 (N.D.1964), a quiet title action in Morton County District Court to determine title to an island lying in the Missouri River, this Court affirmed the dismissal of the action, stating the district court "was correct in finding it had no jurisdiction over the subject matter for the reason that all of the land described in the complaint is located east of the main channel of the river as it is now located, which geographical area is made a part of Burleigh County by statute." This Court explained "Sections 11–01–09 and 11–01–31, supra, establish that the boundary between [Burleigh and Morton] counties lies along the main channel of the Missouri River. They place Morton County west of the main channel and Burleigh County to the east thereof." 126 N.W.2d at 794.

[¶ 8] In *State v. Olson*, 44 N.D. 367, 368, 176 N.W. 833, 834 (1919), this Court considered the sufficiency of a criminal complaint charging two defendants with operating a ferryboat on the Missouri River between Bismarck and Morton County without obtaining a license from the Morton County Commissioners. The defendants operated a ferryboat on the Missouri

River between landings in Bismarck and in Morton County and obtained a license to operate the ferryboat from Bismarck, but not from the Morton County Commissioners. *Id.* at 369–70, 176 N.W. at 833–34. This Court said the defendants were not authorized to operate the ferryboat in Morton County and explained, "[t]he jurisdiction of Bismarck or the county of Burleigh extends no further than the center of the Missouri river. On the westerly side of the river Morton county has jurisdiction from where it borders on the river to the center thereof." *Id.* at 370, 176 N.W. at 834.

[¶ 9] Under those authorities, we reject Wetzel's claim that the plain meaning of "along" means beside the Missouri River. Wetzel's interpretation would effectively mean the channel of the Missouri River is not in any county in North Dakota and the State could not prosecute alleged criminal violations on the channel of the Missouri River, which is contrary to *Higgins* and *Olson* and North Dakota law recognizing that all areas of the state are part of a county. Wetzel's interpretation would lead to an absurd and ludicrous result and is also contrary to statutory language authorizing prosecutions of offenses committed on board a boat or vessel navigating a river. *See* N.D.C.C. § 29–03–06 (when an offense is committed in this state on board a boat or vessel navigating a river, jurisdiction is in any county through which the vessel is navigated in the course of the voyage, or in the county where the voyage terminates).

[¶ 10] We conclude the plain language of N.D.C.C. §§ 11–01–09 and 11–01–31, when read together with other statutory provisions for prosecuting criminal actions, establish the boundary between Morton County and Burleigh County to be through the center of the main channel of the Missouri River. Under N.D.C.C. § 29–03–05, the Burleigh County State's Attorney has authority to prosecute alleged offenses that the parties admitted occurred on the Burleigh County side of the center of the main channel of the river, or within five hundred yards of the boundary.

[¶ 11] Because the plain language of our statutes authorizes the Burleigh County State's Attorney to prosecute the crimes alleged to have been committed on the "east side" of the center of the main channel of the Missouri River, the rule of lenity for ambiguous criminal statutes is not applicable to this case. *See Harter v. North Dakota Dep't of Transp.*, 2005 ND 70, ¶ 10, 694 N.W.2d 677; *State v. Laib*, 2002 ND 95, ¶¶ 13–14, 644 N.W.2d 878. *See also* N.D.C.C. § 29–01–29 (provisions and proceedings under N.D.C.C. title 29 are to be liberally construed with a view to promoting its objects and in furtherance of justice). We conclude the district court did not err in denying Wetzel's motion to dismiss.

### III

[¶ 12] We affirm the order deferring imposition of sentence.

[¶ 13] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.