Filed 5/11/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 88

State of North Dakota, ex rel.

Christene A. Harris in her capacity

as Assistant Ward County State’s

Attorney, Petitioner

v.

The Honorable Gary H. Lee, Judge of the

District Court, Northwest Judicial

District, and LeRoy A. Anderson, Jr., Respondents

No. 20090218

Petition for Supervisory Writ.

SUPERVISORY WRIT GRANTED.

Opinion of the Court by Sandstrom, Justice.

Christene Ann Harris, Assistant State’s Attorney, P.O. Box 5005, Minot, N.D. 58702-5005, for petitioner.

LeRoy A. Anderson, Jr., respondent; no appearance.

State ex rel. Harris v. Lee

No. 20090218

Sandstrom, Justice.

[¶1] The State has petitioned for a supervisory writ, requesting that we direct the district court to recognize it has jurisdiction over a class B misdemeanor charge of driving while under suspension which occurred within the city limits of the City of Minot.  We grant the petition, concluding the district court had jurisdiction over the offense.

I

[¶2] A North Dakota highway patrol officer stopped LeRoy Anderson, Jr., for speeding within the city limits of Minot.  The officer learned Anderson’s driver’s license was suspended and issued a citation charging him with driving while under suspension in violation of N.D.C.C. § 39-06-42, a class B misdemeanor.  The caption at the top of the citation indicated the case would be heard in the district court of Ward County.

[¶3] At his initial appearance on the charge, Anderson pleaded guilty.  Before the court accepted the plea, the assistant state’s attorney provided a factual basis, noting the traffic stop had occurred within the Minot city limits.  The court then questioned whether it had jurisdiction:

THE COURT: Let’s go back to that very first part of that factual basis.

MS. HARRIS [assistant state’s attorney]: Mm-hmm?

THE COURT: Was the highway patrolman who stopped Mr. Anderson inside the city limits for a Class B misdemeanor?

MS. HARRIS: Correct, Your Honor.

THE COURT: Why is this not in city court?

. . . .

THE COURT: And this is a B misdemeanor—

MS. HARRIS: Correct.

THE COURT: —that occurred within the city.  And so if it’s a B misdemeanor within the city, why isn’t this being handled down in the city court?

. . . .

THE COURT: I guess, I’m—Mr. Anderson, I’m not going to accept your plea.  I think this is a matter that should be down in the city court and I’m going to dismiss these charges up here in the district court.  And they’re dismissed without prejudice so that they can be re-

filed down in the city court if that’s the case.  But we’re going to get to the—I’ve had this discussion with the state’s attorney and with others before.  It shouldn’t be the status of the officer that makes the difference, it’s the location and the crime that makes the difference as to who has jurisdiction.  I just don’t—maybe I’m wrong on that.  And if I am, you know,—I’m saying, you know, you’re not off the hook.  You can be recharged down in the city or you can be recharged maybe back up here.  But for right now, I’m not going to accept your plea and I’m going to dismiss the charge.  

[¶4] On May 5, 2009, the district court entered a written order dismissing the case against Anderson, and the State moved to reconsider.  The district court denied the motion to reconsider by order dated July 13, 2009.  

[¶5] The State filed a notice of appeal on July 20, 2009.  Because there were questions regarding the timeliness of the appeal, we directed the State to file a response addressing whether the appeal was timely and, if not, whether a writ of supervision would be appropriate in this case.  In its response, the State conceded its appeal was untimely and abandoned its attempted appeal, but requested that this Court issue a supervisory writ directing the district court to recognize it has jurisdiction over a class B misdemeanor violation of state law occurring within the city limits resulting from a traffic stop initiated by a North Dakota highway patrol officer.

II

[¶6] Under N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04, this Court may examine a district court decision by invoking our supervisory authority.  
Mann v. N.D. Tax Comm’r
, 2005 ND 36, ¶ 20, 692 N.W.2d 490.  We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists.  
E.g.
, 
Forum Commc’ns Co. v. Paulson
, 2008 ND 140, ¶ 8, 752 N.W.2d 177; 
Trinity Hosps. v. Mattson
, 2006 ND 231, ¶ 6, 723 N.W.2d 684.  Our authority to issue a supervisory writ is “‘purely discretionary,’” 
State v. Paulson
, 2001 ND 82, ¶ 6, 625 N.W.2d 528 (quoting 
Patten v. Green
, 369 N.W.2d 105, 106 (N.D. 1985)), and we determine whether to exercise supervisory jurisdiction on a case-by-case basis, considering the unique circumstances of each case.  
See
 
Forum Commc’ns
, at ¶ 8; 
State v. Holte
, 2001 ND 133, ¶ 5, 631 N.W.2d 595; 
Central Power Elec. Coop., Inc. v. C-K, Inc.
, 512 N.W.2d 711, 715 (N.D. 1994).  Exercise of supervisory jurisdiction may be warranted when issues of vital concern regarding matters of important public interest are presented.  
See
 
Forum Commc’ns
, at ¶ 9; 
Trinity Hosps.
, at ¶ 7; 
Mitchell v. Sanborn
, 536 N.W.2d 678, 683 (N.D. 1995).

[¶7] This case presents a significant issue regarding the jurisdiction of the district court to hear criminal matters arising under state law which occurred within city limits.  This is an issue of vital concern regarding matters of important public interest.  We therefore will exercise our discretionary supervisory authority to review the district court’s decision in this case.

III

[¶8] This case presents a single issue for our consideration: Does the district court of Ward County have jurisdiction over the offense when a North Dakota highway patrol officer charges a driver with a violation of N.D.C.C. § 39-06-42, driving while under suspension, for conduct occurring within the city limits of Minot?  Our resolution of the issue requires an analysis of a highway patrol officer’s authority, the applicability of state law within city limits, and the criminal jurisdiction of the district court.  

[¶9] Members of the North Dakota highway patrol have broad powers on all highways within the state.  A highway patrol officer is expressly authorized to “enforc[e] the provisions of [N.D.C.C. tit. 39] relating to operators’ licenses . . . and of any other law regulating the operation of vehicles or the use of the highways,” “[t]o make arrests upon view and without warrant for any violation committed in the person’s presence of any of the provisions of this title relating to operators’ licenses . . . or to other laws regulating the operation of vehicles or the use of the highways,” and “[t]o exercise general police powers over all violations of law committed in their presence upon any highway and within the highway right of way or when in pursuit of any actual or suspected law violator.”  N.D.C.C. § 39-03-09(1), (2), and (12).  In addition, members of the highway patrol “shall enforce the provisions of the laws of this state relating to the protection and use of highways and shall patrol the highways and cooperate with sheriffs and police in enforcing the laws regulating the operation of vehicles and the use of highways.”  N.D.C.C. § 39-03-03.  The general powers of highway patrol officers thus extend over violations of law committed upon any highway or highway right-of-way within the state.  
Brewer v. Ziegler
, 2007 ND 207, ¶ 8, 743 N.W.2d 391.  

[¶10] Section 39-01-01(26), N.D.C.C., broadly defines “highway”:

“Highway” means the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel and of every way privately maintained within a mobile home park, trailer park, or campground containing five or more lots for occupancy by mobile homes, travel trailers, or tents when any part thereof is open for purposes of vehicular travel.

This definition clearly encompasses streets and roadways within city limits.  Thus, a North Dakota highway patrol officer’s authority extends to violations committed on streets within city limits.

[¶11] There is no question that N.D.C.C. § 39-06-42(1), which prohibits a person whose license has been suspended from driving a motor vehicle “on a highway or on public or private areas to which the public has a right of access for vehicular use in this state,” applies to driving on a city street.  Again, the definition of “highway,” which extends to “every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel,” clearly includes city streets. 

[¶12] Furthermore, although the City of Minot has enacted an ordinance prohibiting driving under suspension within the city under its home rule charter, that ordinance does not supersede the application of state law.  Section 12.1-01-05, N.D.C.C., provides:

No offense defined in this title or elsewhere by law shall be superseded by any city or county ordinance, or city or county home rule charter, or by an ordinance adopted pursuant to such a charter, and all such offense definitions shall have full force and effect within the territorial limits and other jurisdiction of home rule cities or counties. 

Even when a home rule city enacts an equivalent ordinance, all state criminal laws, including criminal and noncriminal vehicular offenses, remain in full force and effect within the city limits.  
See
 
State v. Brown
, 2009 ND 150, ¶ 24, 771 N.W.2d 267; 
Sauby v. City of Fargo
, 2008 ND 60, ¶ 10, 747 N.W.2d 65.  Section 12.1-01-05, N.D.C.C., is an expression of the legislature’s intent that state criminal laws are to have uniform application throughout the state.  
City of Bismarck v. Hoopman
, 421 N.W.2d 466, 468-69 (N.D. 1988).

[¶13] Having determined that N.D.C.C. § 39-06-42(1) applied within the Minot city limits and that the highway patrol officer had the authority to enforce the statute within the city limits, it necessarily follows that the district court had jurisdiction over the offense.  Under N.D. Const. art. VI, § 8, the district court has “original jurisdiction of all causes, except as otherwise provided by law.”  Section 27-05-

06(1), N.D.C.C., clarifies that district courts have “[c]ommon-law jurisdiction and authority within their respective judicial districts for the redress of all wrongs committed against the laws of this state affecting persons or property.”  Under these provisions, the district courts have jurisdiction over all criminal offenses committed within their respective judicial districts.  
See
 
State v. Wetzel
, 2008 ND 186, ¶ 5, 756 N.W.2d 775; 
State v. Norby
, 2002 ND 71, ¶ 10, 642 N.W.2d 924.

[¶14] This was a criminal offense in violation of state law committed within the district court’s judicial district.  The district court had jurisdiction over the action and was not free to ignore it.  We therefore conclude the district court erred when it concluded it did not have jurisdiction over this offense.

IV

[¶15] We grant the petition for a supervisory writ and direct the district court to vacate its order dismissing the case against Anderson.

[¶16] Dale V. Sandstrom

Daniel J. Crothers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

Maring, Justice, dissenting.

[¶17] I, respectfully, dissent.  Although I agree with the majority’s analysis and conclusion that the trial court has jurisdiction in part III, I am of the opinion that this is not an appropriate case to exercise our supervisory jurisdiction.  Therefore, I would deny the State’s petition for a supervisory writ. 

[¶18] As the majority acknowledges, this Court has discretionary authority to exercise original jurisdiction to issue supervisory writs, and it exercises that discretion rarely and cautiously “only to rectify errors and prevent injustice in extraordinary cases 
when no adequate alternative remedy exists
.”  Majority, at ¶ 6 (emphasis added) (citing 
Forum Commc’ns Co. v. Paulson
, 2008 ND 140, ¶ 8, 752 N.W.2d 177; 
Trinity Hosps. v. Mattson
, 2006 ND 231, ¶ 6, 723 N.W.2d 684) (citation omitted).  This Court’s discretionary power to issue a supervisory writ cannot be invoked as a matter of right, and we “‘generally will not exercise supervisory jurisdiction where the proper remedy is an appeal.’”  
Forum Commc’ns Co.
, 2008 ND 140, ¶ 8, 752 N.W.2d 177 (quoting 
Roe v. Rothe-Seeger
, 2000 ND 63, ¶ 5, 608 N.W.2d 289).  I recognize, as does the majority, that we have exercised supervisory jurisdiction in cases involving issues of vital public concern.  
See
 
id.
 at ¶ 9; 
Trinity Hosps.
, 2006 ND 231, ¶ 8, 723 N.W.2d 684; 
Mitchell v. Sanborn
, 536 N.W.2d 678, 683 (N.D. 1995).   However, “a supervisory writ is not intended to be a substitute for appeal.”  
Grand Forks Herald v. District Court
, 322 N.W.2d 850, 852 (N.D. 1982). 

[¶19] The majority grants the supervisory writ on the grounds the case presents an issue of vital concern regarding matters of important public interest, without first addressing whether the State had an adequate alternative remedy.  It is my opinion that there was an adequate alternative remedy available to the State, and the State merely failed to properly exercise it.  

[¶20] On May 5, 2009, the trial court issued an order dismissing the charge against Anderson of driving while license was suspended for lack of jurisdiction, without prejudice.  On May 12, 2009, the State moved the trial court for reconsideration.  On June 26, 2009, the trial court entered an order holding its ruling in abeyance for further hearing and evidence.  On July 13, 2009, the trial court denied the State’s motion, concluding that the rules do not provide for a Motion to Reconsider.  On July 20, 2009, the State appealed the trial court’s May 5, 2009, dismissal of the case to this Court.  Under N.D.R.App.P. 4(b), the State’s notice of appeal should have been filed no later than June 4, 2009.  Recognizing a potential problem with the timeliness of the appeal, we directed the State to file a response addressing whether the appeal was timely and, if not, “whether supervision is appropriate in this case and why.”  In its September 18, 2009, response, the State asserted:

Because the State filed the Motion to Reconsider, giving the court an opportunity to revisit its prior decision after the matter had been properly briefed and the interested parties were able to provide their arguments, the time for filing an appeal to the Supreme Court passed.  Therefore, the State has no adequate alternative remedy and supervision is necessary to prevent injustice in this matter and all other cases that present with a similar factual basis that are either pending or may occur in the future.  

The State essentially asserts that, because it chose to move for reconsideration and the time to timely file an appeal passed, it was then left with no adequate alternative remedy making supervision necessary to prevent an injustice.  In further support, the State asserts that “supervision is necessary to prevent injustice in this matter and all other cases that present with a similar factual basis that are either pending or may occur in the future.”  I am not persuaded. 

[¶21] The standard this Court applies in deciding whether a case is appropriate for the exercise of original jurisdiction and issuance of a supervisory writ is not whether, due to tactical choices or procedural errors, the party has lost its right to bring an issue to this Court through an appeal in a particular case.  Rather, the issue is whether there is an available alternative remedy to bring the issue to this Court.  In this case, an adequate alternative remedy was available to the State through the appeal process.  The State merely failed to properly exercise that remedy.  

[¶22] The State does not argue that it could not have appealed from the trial court’s order dismissing the charge against Anderson.  Rather, the State concedes that its attempt to appeal was untimely, and therefore, it seeks to invoke this Court’s supervisory jurisdiction.  The extraordinary remedy of issuing a supervisory writ as provided for under N.D. Const. art. VI, § 2, and N.D.C.C. § 27-02-04, was not intended as a method for this Court to relieve parties of the consequences of tactical choices or procedural errors.  Rather, the remedy is available to this Court only when there is no effective means of bringing an issue to this Court through an appeal or alternative means.  The State’s assertion that supervision is necessary to prevent injustice in this and all other cases that present a similar factual basis and are either pending or may occur in the future is also not persuasive.  If this issue arises in a pending or future case, the State need only file a timely appeal to properly bring the issue to this Court.  

[¶23] Because I would deny the State’s petition for a supervisory writ, I dissent from the majority opinion. 

[¶24] Mary Muehlen Maring