2015 ND 210

**Raymond WINTER, Petitioner and Appellant**

**v.**

**Susan Jo SOLHEIM, Acting as Judicial Referee of the Small Claims Court, and Prairie Supply, Inc., Respondents.**

**Prairie Supply, Inc., Appellee.**

**No. 20140458.**

Supreme Court of North Dakota.

Aug. 25, 2015.

Rehearing Denied Sept. 17, 2015.

Jonathan T. Garaas, Fargo, N.D., for petitioner and appellant.

Ann E. Miller, Fargo, N.D., for appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Raymond Winter, the defendant in a small claims court action, appealed from a district court order denying his petition for a writ of certiorari, claiming the small claims court exceeded its jurisdiction in entering a judgment against Winter. Winter alternatively requests this Court grant a supervisory writ directing the small claims court to vacate its judgment against Winter. We affirm, concluding the small claims court did not exceed its jurisdiction, and we decline supervisory jurisdiction.

## I

[¶ 2] Prairie Supply, Inc. ("Prairie") sued Winter, doing business as Prairie Wood Products, in small claims court alleging Winter sold Prairie wood stakes that did not conform to samples provided to Prairie. Winter answered, alleging Prairie's claim affidavit was defective, and he was not a party to the contracts with Prairie. Winter asserted the agreements for the wood stakes were between Prairie and his employer Pro Pallet, Inc., a North Dakota corporation doing business as Prairie Wood Products. After an unrecorded hearing, the small claims court entered a $15,000 judgment against Winter. Winter petitioned the district court for a writ of certiorari, arguing the small claims court exceeded its jurisdiction. The district court denied Winter's petition, concluding the small claims court had jurisdiction over the action, and Winter was improperly seeking to use a writ of certiorari to appeal from the small claims court judgment.

## II

[¶ 3] Winter raises numerous issues on appeal, however, this Court's review of a district court's denial of a petition for a writ of certiorari is limited to the question of whether the small claims court exceeded its jurisdiction. *Heick v. Erickson*, 2001 ND 200, ¶ 5, 636 N.W.2d 913; N.D.C.C. 32–33–09. "[I]f a small claims court has subject matter and personal jurisdiction, a writ of certiorari may not be used to review an alleged erroneous decision by a small claims court." *Svanes v. Grenz*, 492 N.W.2d 576, 577 (N.D.1992).

[¶ 4] Small claims court is "an informal forum for resolving minor disputes and is intended to keep small claims proceedings simple." *Id.* at 578. In small claims court, neither formal pleadings, nor attorneys, are required. N.D.C.C. 27–08.1–03. There is no trial by jury, and

hearings are informal, with no court reporter. *Id.* The court enters a written judgment on the basis of the evidence presented, and the judgment is not appealable. N.D.C.C. 27–08.1–05, 27–08.1–04. Under N.D.C.C. 27–08.1–04, a defendant may elect to remove the action from small claims court to district court and avail himself or herself of all the privileges associated with a formal civil trial, including the right to a trial by jury, the right of appeal, and other formal aspects of the legal process. *Raaum v. Powers,* 396 N.W.2d 306, 310 (N.D.1986).

[¶ 5] Winter argues the small claims court exceeded its jurisdiction by entering a $15,000 judgment against him individually when any indebtedness was the corporate indebtedness of his employer, Pro Pallet, Inc.

[¶ 6] A court may issue a valid judgment if it has jurisdiction over both the parties and the subject matter of the action. *Albrecht v. Metro Area Ambulance,* 1998 ND 132, ¶ 10, 580 N.W.2d 583. "Subject-matter jurisdiction is the court's power to hear and determine the general subject involved in the action, while personal jurisdiction is the court's power over a party." *Id.* "[S]ubject-matter jurisdiction is derived from the constitution and the laws, and cannot be conferred by agreement, consent or waiver." *Id.* (quoting *Cordie v. Tank,* 538 N.W.2d 214, 217 (N.D.1995)). A party may voluntarily submit to the personal jurisdiction of the court by general appearance in an action either personally or through an attorney. *Opp v. Matzke,* 1997 ND 32, ¶ 17, 559 N.W.2d 837; *Code v. Gaunce,* 315 N.W.2d 304, 307 (N.D.1982). "[J]urisdiction of the court does not depend upon whether its decision is right or wrong, correct or incorrect." *Mills v. City of Grand Forks,* 2012 ND 56, ¶ 10, 813 N.W.2d 574 (quoting *Matter of*

*Edinger's Estate,* 136 N.W.2d 114, 120 (N.D.1965)).

[¶ 7] Jurisdiction of the small claims court "is confined to cases for recovery of money ... when the ... amount claimed by the plaintiff ... does not exceed fifteen thousand dollars." N.D.C.C. 27–08.1–01(1). If the defendant is an individual, the action must be brought in the county of the defendant's residence. N.D.C.C. 27–08.1–01(2)(d).

[¶ 8] Here, Prairie sought the recovery of $15,000 from Winter. Under N.D.C.C. 27–08.1–01(1), the small claims court had jurisdiction to enter a $15,000 money judgment against Winter. Winter argues Prairie should have sued Pro Pallet, Inc., and the small claims court exceeded its jurisdiction by entering a $15,000 judgment against him individually. The district court stated "[w]hether or not Winter was individually responsible for the corporate debt is a question of law that does not deprive the Small Claims Court of subject matter jurisdiction to hear the case." We agree and conclude the small claims court had jurisdiction over the subject matter in this action.

[¶ 9] Prairie brought the action in Cass County, and Winter does not argue he is not a Cass County resident. Rather, Winter argues Prairie's claim affidavit contained jurisdictional defects, and those arguments were rejected by the district court. Regardless of any defects in the claim affidavit, Winter voluntarily submitted himself to the jurisdiction of the small claims court by answering the claim affidavit and appearing at the hearing. We conclude the small claims court had jurisdiction over Winter in this action. We conclude the small claims court did not exceed its jurisdiction, and the district court did not err in denying Winter's petition for a writ of certiorari.

## III

[¶ 10] Winter alternatively requests that we exercise our supervisory jurisdiction and direct the small claims court and district court to vacate the judgment against Winter and order denying Winter's petition for a writ of certiorari. We decline Winter's request.

[¶ 11] This Court's authority to issue supervisory writs is derived from N.D. Const. art. VI, § 2, and N.D.C.C. 27–02–04. *Roe v. Rothe–Seeger*, 2000 ND 63, ¶ 5, 608 N.W.2d 289. The authority to issue a supervisory writ is discretionary, and we decide whether to exercise supervisory jurisdiction on a case-by-case basis, considering the unique circumstances of each case. *State ex rel. Harris v. Lee*, 2010 ND 88, ¶ 6, 782 N.W.2d 626. "We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists." *Id.* Issues of vital concern regarding matters of important public interest may warrant the exercise of our supervisory jurisdiction. *Id.*

[¶ 12] Winter's request for a supervisory writ asks this Court to review an alleged erroneous small claims court judgment. Judgments in small claims court are not appealable. N.D.C.C. 27–08.1–04. Winter had a right to remove the case to district court under N.D.C.C. 27–08.1–04. The district court may have reached the same result, but Winter would have been able to appeal the decision. N.D.C.C. 28–27–01. Having failed to remove the action from small claims court, Winter cannot now argue that we must exercise our supervisory jurisdiction to review the small claims court judgment. As this Court has stated, "[w]hile we trust that the decisions reached in small-claims courts are, for the most part, legally and factually correct, [N.D.C.C. 27–08.1–04] does not guarantee that result should a defendant decide not to exercise his right to remove the case to another court whose decision is subject to appeal." *Kostelecky v. Engelter*, 278 N.W.2d 776, 780 (N.D.1979).

[¶ 13] Although Winter believes the judgment against him is unjust, he has not presented any compelling reasons for us to exercise our supervisory jurisdiction. Doing so would invite parties dissatisfied with a small claims court decision to ignore the prohibition of appeals under N.D.C.C. 27–08.1–04 and request a review of the decision from this Court. We are not convinced this is an extraordinary case requiring us to exercise our supervisory jurisdiction to prevent injustice, and we deny Winter's request.

## IV

[¶ 14] We have considered Winter's remaining arguments and conclude they are either unnecessary to our decision or without merit. The order denying Winter's petition for a writ of certiorari is affirmed, and Winter's request for a supervisory writ is denied.

[¶ 15] CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.