# IN THE SUPREME COURT STATE OF NORTH DAKOTA

## 2019 ND 254

State of North Dakota,

Plaintiff and Appellant

v.

Derek James Grzadzieleski,

Defendant and Appellee

## No. 20190049

Appeal from the District Court of Pembina County, Northeast Judicial District, the Honorable Laurie A. Fontaine, Judge.

DISMISSED.

Opinion of the Court by VandeWalle, Chief Justice.

Stephenie L. Davis (argued), Special Assistant State's Attorney, Manning, ND, and Rebecca L. Flanders (on brief), Pembina County State's Attorney, Cavalier, ND, for plaintiff and appellant.

Alexander F. Reichert (argued), and Challis D. Williams (appeared), Grand Forks, ND, for defendant and appellee.

# State v. Grzadzieleski
## No. 20190049

**VandeWalle, Chief Justice.**

[¶1]   The State appealed from an order granting Derek Grzadzieleski's motion to suppress hospital records disclosing that his blood-alcohol content was above the legal limit after an all-terrain vehicle accident.  We conclude the State has no statutory right to appeal the order and we decline to exercise our supervisory authority.  We therefore dismiss the appeal for lack of jurisdiction.

## I

[¶2]   On July 4, 2018, Grzadzieleski was involved in an all-terrain vehicle accident and was transported to a hospital.  Hospital staff would not allow law enforcement officers to speak to him because of the severity of his condition.  On July 20, 2018, officers obtained a search warrant for Grzadzieleski's medical records and the hospital produced the records.  The records revealed he had a blood-alcohol level above the legal limit after the accident.  The State charged him with operating an off-highway vehicle while under the influence of alcohol under N.D.C.C. § 39-29-09(5)(c).

[¶3]   Grzadzieleski moved to suppress the evidence, arguing the medical records were privileged based upon the physician-patient privilege under N.D.R.Ev. 503.  Characterizing the suppression motion as a motion *in limine*, the district court ruled the evidence of Grzadzieleski's blood-alcohol content was inadmissible based on the physician-patient privilege.

## II

[¶4]   Grzadzieleski has moved to dismiss the appeal, claiming the district court's order is not appealable under N.D.C.C. § 29-28-07(5).

[¶5]   The State's right to appeal in a criminal case is governed by N.D.C.C. § 29-28-07 and is a jurisdictional matter.  *See, e.g., State v. Powley*, 2019 ND 51, ¶ 7, 923 N.W.2d 123; *State v. Simon*, 510 N.W.2d 635, 636 (N.D. 1994).  We have held that N.D.C.C. § 29-28-07(5), which allows the State to appeal an order "granting the return of property or suppressing evidence," authorizes

appeals only from orders granting a motion to suppress evidence under N.D.R.Crim.P. 12(b)(3) and from orders granting a motion to return evidence under N.D.R.Crim.P. 41(e). *See Simon*, at 636. The statute allows appeals from orders excluding or suppressing evidence on the ground that the evidence was illegally obtained, but does not allow appeals from orders *in limine* excluding evidence based on evidentiary grounds. *See, e.g., Powley*, at ¶¶ 9-11; *State v. Corona*, 2018 ND 196, ¶¶ 5-9, 916 N.W.2d 610; *State v. Counts*, 472 N.W.2d 756, 757 (N.D. 1991); *State v. Miller*, 391 N.W.2d 151, 155 (N.D. 1986). In *Counts*, at 757, we specifically rejected an attempted appeal by the State from an order excluding evidence based on the husband-wife privilege under N.D.R.Ev. 504.

[¶6] Although Grzadzieleski labeled his motion to exclude the blood-alcohol evidence as a motion to suppress, in determining appealability it is not the label of a motion or order that controls, but rather it is the effect of the motion or order. *See State v. Keilen*, 2002 ND 133, ¶ 7, 649 N.W.2d 224; *State v. Owens*, 1997 ND 212, ¶ 6, 570 N.W.2d 217; *State v. Hogie*, 424 N.W.2d 630, 631 (N.D. 1988). The district court correctly characterized Grzadzieleski's motion as a motion *in limine*, because it was based on evidentiary grounds. We conclude N.D.C.C. § 29-28-07(5) does not permit the State to appeal from an *in limine* order excluding evidence based on the physician-patient privilege under N.D.R.Ev. 503.

## III

[¶7] The State requests that we exercise our supervisory jurisdiction and issue a supervisory writ to reverse the district court's order.

[¶8] In *Powley*, 2019 ND 51, ¶ 12, 923 N.W.2d 123, we said:

> The authority to issue a supervisory writ is discretionary, and we decide whether to exercise supervisory jurisdiction on a case-by-case basis, considering the unique circumstances of each case. *State ex rel. Harris v. Lee*, 2010 ND 88, ¶ 6, 782 N.W.2d 626. "We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists."

2

*Id.* Issues of vital concern regarding matters of important public interest may warrant the exercise of our supervisory jurisdiction. *Id.*

(*Quoting Winter v. Solheim*, 2015 ND 210, ¶ 11, 868 N.W.2d 842).

[¶9] The State has not attempted to explain why this is an extraordinary case or why the issue is of vital concern regarding a matter of important public interest. We said in *Powley* that the State's inability to appeal a ruling "does not necessarily create extraordinary circumstances justifying supervisory jurisdiction." 2019 ND 51, ¶ 13, 923 N.W.2d 123. Nor, for the following reasons, is there a showing of any injustice to either party involving an issue of vital concern to the public.

[¶10] First, although the long-recognized physician-patient privilege is involved, the holder of the privilege was provided its protections by the district court. Second, this is not a per se driving under the influence prosecution which would require a chemical test above the legal limit taken within two hours of driving to establish a conviction. *See, e.g., Glaser v. N.D. Dep't of Transp.*, 2017 ND 253, ¶ 10, 902 N.W.2d 744. Rather, Grzadzieleski was charged with operating an off-highway vehicle "[w]hile under the influence of intoxicating liquor or a controlled substance" under N.D.C.C. § 39-29-09(5)(c), which is similar to a prosecution for driving under the influence under N.D.C.C. § 39-08-01(1)(b). In non-per se prosecutions for driving under the influence, "[o]bjective scientific tests are not necessary to support a conviction of driving while under the influence of intoxicating liquor." *State v. Kisse*, 351 N.W.2d 97, 101 (N.D. 1984); *see also State v. Engebretson*, 326 N.W.2d 212, 215 n.2 (N.D. 1982), *overruled on other grounds, State v. Himmerick*, 499 N.W.2d 568 (N.D. 1993) ("a breathalyzer test result showing a defendant to be above the presumptive level of intoxication is not a prerequisite to a finding that the defendant was under the influence of intoxicating liquor"). Here, any claim that the State will suffer injustice is especially dubious because the district court's order excluding the blood-alcohol evidence does not foreclose prosecution.

[¶11] We decline to exercise our supervisory authority.

3

### IV

[¶12] The appeal is dismissed for lack of jurisdiction.

[¶13] Gerald W. VandeWalle, C.J.
Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen

4