# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 143

Department of Corrections and Rehabilitation,

Petitioner

v.

The Honorable Stacy J. Louser, Judge of the

District Court, North Central Judicial District,

and State of North Dakota, and Adrian Rodriguez,

Respondents

### No. 20230117

Petition for Supervisory Writ.

PETITION FOR SUPERVISORY WRIT DENIED.

Opinion of the Court by Jensen, Chief Justice.

Scott O. Diamond, Special Assistant Attorney General, Fargo, ND, for petitioner.

Mitchell D. Armstrong (argued) and Jon C. Lengowski (on brief), Special Assistant Attorneys General, Bismarck, ND, for respondent The Honorable Stacy J. Louser, Judge of the District Court, North Central Judicial District.

# DOCR v. Louser
## No. 20230117

**Jensen, Chief Justice.**

[¶1] The Department of Corrections and Rehabilitation (hereinafter "DOCR") petitions the North Dakota Supreme Court to exercise its original supervisory jurisdiction to direct the Honorable Judge Stacy J. Louser (hereinafter "district court") to amend a portion of a criminal judgment imposing probation as part of a sentence for a class B misdemeanor and requiring the DOCR to supervise the probation. The DOCR argues it does not have statutory authority to supervise probation when the underlying charge is a class B misdemeanor. The DOCR requests the criminal judgment be amended to relieve the DOCR from the obligation to supervise the probation. Without deciding whether the district court has the authority to require a defendant to be supervised by the DOCR as part of a sentence imposed for a class B misdemeanor, we conclude the DOCR does have the authority to provide the supervision and decline to exercise our supervisory jurisdiction.

## I

[¶2] A defendant was charged with a single count of domestic violence—bodily injury, a class B misdemeanor, in violation of N.D.C.C. § 12.1-17-01.2(2)(a). The defendant entered an open plea, and the district court sentenced him to serve 30 days with the balance suspended, and to probation for 360 days, under the supervision of the DOCR. The DOCR informed the State it could not supervise the defendant because it was not authorized to do so under N.D.C.C. § 12.1-32-07(1), the statutory provision outlining sentencing procedures based upon the classification of offenses. A status conference to discuss the matter was held, during which the district court reaffirmed its ruling that required the DOCR to supervise probation.

[¶3] The DOCR now seeks a supervisory writ, arguing it lacks statutory authority under N.D.C.C. § 12.1-32-07(1) to supervise probation when the offense is a class B misdemeanor. The district court resists, arguing the plain

1

language of N.D.C.C. § 12.1-32-07(1) permissibly allows it to choose the DOCR or another community corrections program to supervise probation.

## II

[¶4]   The DOCR requests this Court exercise its supervisory jurisdiction and direct the district court to amend the criminal judgment to relieve the DOCR from the obligation to supervise the probation. We may exercise our supervisory authority under N.D. Const. art. VI, § 2. "We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases when no adequate alternative remedy exists." *State, ex rel. Harris v. Lee*, 2010 ND 88, ¶ 6, 782 N.W.2d 626. This Court's authority to issue a supervisory writ is purely discretionary, and is determined on a case-by-case basis. *Id*.

## III

[¶5]   In seeking supervision, the DOCR argues N.D.C.C. § 12.1-32-07(1) precludes the DOCR from supervising probation when the underlying criminal conviction is a class B misdemeanor. Section 12.1-32-07(1), N.D.C.C., is as follows:

> When the court imposes probation upon conviction for a felony offense subject to section 12.1-32-09.1 or 12.1-32-02.1, a second or subsequent violation of section 12.1-17-07.1, a second or subsequent violation of any domestic violence protection order, a violation of chapter 12.1-41, a violation of section 14-09-22, or a felony offense under chapter 39-08, the court shall place the defendant under the supervision and management of the department of corrections and rehabilitation. When the court imposes probation upon conviction or order of disposition in all other felony cases, the court may place the defendant under the supervision and management of the department of corrections and rehabilitation. In class A misdemeanor cases, the court may place the defendant under the supervision and management of the department of corrections and rehabilitation or other responsible party. In all other cases, the court may place the defendant under the supervision and management of a community corrections program other than the department of corrections and

2

rehabilitation. A community corrections program means a program for the supervision of a defendant, including monitoring and enforcement of terms and conditions of probation set by the court.

[¶6] The DOCR is incorrect in its assertion that N.D.C.C. § 12.1-32-07(1) grants or prohibits the DOCR power to supervise. Section 12.1-32-07(1) governs the power of the district court to order supervised probation and provides the court an outline of sentencing procedures when imposing probation as part of a sentence. The DOCR's authority to supervise is found under N.D.C.C. § 54-23.3-01. Section 54-23.3-01 provides the DOCR "is responsible for the direction and general administrative supervision, guidance, and planning of adult and juvenile correctional facilities and programs within the state." The DOCR includes a division that provides parole and probation for adult offenders. N.D.C.C. § 54-23.3-01. Section 54-23.3-01.1(4), N.D.C.C., defines an offender as "a person who has been committed to the legal and physical custody of the department of corrections and rehabilitation, or placed under the supervision and management of the department by a district court[.]" Section 54-23.3-01.1(6), N.D.C.C., defines probationer as "an offender who has been placed under the supervision and management of the department of corrections and rehabilitation by a district court[.]"

[¶7] The defendant in this case meets the definition of both offender and probationer under N.D.C.C. § 54-23.3-01.1(4) and (6) because the defendant has been placed under the supervision of the DOCR by the district court. Therefore, because the power of the DOCR to supervise is governed by N.D.C.C. § 54-23.3-01, the DOCR has broad authority to supervise when the court places an offender or probationer under the supervision of the DOCR. In this case, the DOCR has the authority to supervise the defendant.

[¶8] We decline to decide whether the district court is restricted under N.D.C.C. § 12.1-32-07(1) from directing the DOCR to supervise class B misdemeanors. Whether the court is prevented from imposing probation under the supervision of the DOCR when the underlying conviction is a class B misdemeanor can be challenged by individual defendants asserting the sentence exceeds the court's statutory authority or creates an illegal sentence.

3

[¶9]   As noted above, this Court exercises its supervisory jurisdiction "rarely and cautiously." *Harris*, 2010 ND 88, ¶ 6. The DOCR has broad authority under N.D.C.C. § 54-23.3-01 to supervise offenders and probationers when directed by the district court. We decline to exercise our discretion to grant supervisory relief and deny the DOCR's petition.

IV

[¶10] We decline to exercise our supervisory jurisdiction and decline the request to direct the district court to amend the criminal judgment requiring the DOCR to supervise probation.

[¶11] Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

4