# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 150

State of North Dakota,                                                    Plaintiff

v.

Dean RW Evitt, a/k/a RW Dean Evitt,                    Defendant and Appellant

## No. 20240077

Appeal from the District Court of Divide County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Dean RW Evitt, a/k/a RW Dean Evitt, self-represented, Tioga, ND, defendant and appellant; submitted on brief.

**Crothers, Justice.**

[¶1]    Dean RW Evitt appeals from a criminal judgment for hunting without a license and violating a proclamation issued by the governor. He raises various arguments premised on a theory that he is a citizen of his own sovereign country. We affirm the judgment concluding his arguments are without merit.

I

[¶2]    The State alleged Evitt illegally hunted ducks in violation of N.D.C.C. § 20.1-03-03 (requiring a license to hunt) and N.D.C.C. § 20.1-08-01 (making violation of a proclamation issued by the governor a class B misdemeanor). Evitt moved to dismiss arguing, among other grounds, the district court lacked jurisdiction over him because he is a "State National" of his own country. The court denied his motion, and the case proceeded to a jury trial. The jury returned guilty verdicts on both counts. The court entered judgment, and Evitt timely appealed. The State filed a brief that was rejected by the Clerk's office for failure to comply with the North Dakota Rules of Appellate Procedure. The State did not refile a corrected brief.

II

[¶3]    Evitt argues he is a "living man," who is "the Beneficiary and not the trustee" and a "State National" in "his country, the Republic of North Dakota." As such, he asserts the district court lacked jurisdiction; the State could not serve him with any papers; the State violated his inherent right to hunt for subsistence; he was denied his due process right to be tried by a jury of his peers (other "State Nationals"); there was no victim in this case so there can be no crime; and North Dakota "is not a constitutional state of the union."

[¶4]    The arguments Evitt advances are typical of those claiming to be "sovereign citizens." *See United States v. Sterling,* 738 F.3d 228, 233 (11th Cir. 2013) (describing the beliefs of "sovereign citizens"). Generally speaking, adherents to this set of ideas attempt to differentiate between "natural" and "artificial" persons, the latter supposedly being a "legal fiction" created by an unwitting contract individuals have entered into with the federal government by accepting benefits or otherwise consenting via official documents. Caesar Kalinowski, *A Legal Response to the Sovereign Citizen Movement,* 80 Mont. L. Rev. 153, 156-162 (2019). Adherents claim to have divested themselves of their "artificial"

personhood. *Id.* at 162. Having done so, they contend they "can deny the court's jurisdiction over the physical person present." *Id.* They also claim they can reclaim funds being held by the federal government in secret trust accounts associated with their artificial person. *Id.* at 165. The sovereign citizen defense "has no conceivable validity in American law." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("These theories should be rejected summarily, however they are presented."); *United States v. Garringer*, No. 15-11349, 2016 WL 11782551, at *1 (11th Cir. Oct. 20, 2016) ("Courts have summarily rejected their legal theories as frivolous.").

[¶5]    Regardless of Evitt's purported citizenship or nationality, hunting without a license and violating a governor's proclamation are crimes in North Dakota that the State has authority to prosecute and the district courts have jurisdiction to redress. Under the Constitution and laws of North Dakota, "the district courts have jurisdiction over all criminal offenses committed within their respective judicial districts." *State v. Lee*, 2010 ND 88, ¶ 13, 782 N.W.2d 626; N.D. Const. art. VI, § 8 (providing district courts with "original jurisdiction of all causes, except as otherwise provided by law"); N.D.C.C. § 27-05-06(1) (providing district courts with jurisdiction "within their respective judicial districts for the redress of all wrongs committed against the laws of this state affecting persons or property"). Ownership and title to wildlife located in North Dakota is vested in the State. N.D.C.C. § 20.1-01-03. It is a crime to hunt wildlife in North Dakota without a license or to violate a wildlife conservation proclamation. *See* N.D.C.C. §§ 20.1-03-03 and 20.1-08-01. State law enforcement officers have the authority to enforce North Dakota's wildlife conservations laws. N.D.C.C. § 20.1-01-04. These laws apply to Evitt as they apply to others.

III

[¶6]    The criminal judgment is affirmed.

[¶7]    Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

2